**Leonard NICKERSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 681–87.**

Court of Criminal Appeals of Texas, En Banc.

Jan. 17, 1990.

888

William W. Vance, Bryan, for appellant.

Bill Turner, Dist. Atty., Deena J. McConnell, Asst. Dist. Atty., Bryan, and Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

MILLER, Judge.

Appellant was convicted of the offense of attempting to obtain drugs by forgery, proscribed by Article 4476–15, Section 4.09(a)(3), V.A.C.S. Punishment was assessed by the trial court at confinement in the Texas Department of Corrections for a term of five years, probated for a period of five years.

The court of appeals affirmed in an unpublished opinion (Tex.App.—Waco, No.

10–86–202–CR, May 28, 1987). We granted appellant's petition for discretionary review to consider the following two grounds for review: "Whether the court of appeals erroneously concluded that the State proved appellant presented a forged writing in an attempt to obtain possession of a controlled substance and in its opinion used the wrong theory to determine sufficiency of the evidence (court of appeals applied the definition portions of the charge rather than applying the application paragraph of the trial court's charge pursuant to *Stephens v. State*, 717 S.W.2d 338 (Tex.Cr.App. 1986)", and secondly, "whether the court of appeals erred in concluding that appellant acted with the intent to promote or assist in the commission of an offense by the primary actor".

The court of appeals held that under the charge as a whole, including the definitional paragraph informing the jury of the law of parties, any reasonable trier of fact could have found from the evidence beyond a reasonable doubt all of the essential elements of the crime, including that appellant acted together with Mays toward the common end of obtaining the controlled substance by forgery.

We will reverse the court of appeals on the ground that the evidence is insufficient to support a conviction under the theory of criminal responsibility in the charge given, and we remand to the trial court and order an entry of acquittal.

The evidence in the record, viewed in a light most favorable to the verdict, reflects that Lawrence Mays took a prescription to be filled to Eckerd's Pharmacy. The pharmacist, Linda Libby, became suspicious of the prescription and called the issuing doctor. The doctor testified that Lawrence Mays had once been his patient, and that the prescription in question had been altered from Dilantin to Preludin. Libby testified that a person who identified himself as Lawrence Mays telephoned later that day to inquire about the prescription's cost and whether it was ready. Libby told the caller that it was ready, and then called the police. Several days later, Libby received a similar phone call inquiring about the prescription. According to Libby's testimony, later that day appellant walked into Eckard's along with Mays and two women. The four of them came directly back to the pharmacy and stood around in the back of the store waiting about twenty minutes for the prescription. Libby told the store manager to call the police again and see what was holding them up. It does not state in the record when or how the initial call to police was made. Mays followed the manager to her office in the front of the store and stood outside the office door by the magazine rack, looking at magazines. The manager decided to call the police from another store, and Mays followed her out of the store. Libby then noticed narcotics officers in the store and announced that the prescription for Lawrence Mays was ready to be rung up. Appellant came forward and handed Libby a one hundred dollar bill. Appellant was arrested. When asked by police officers where Mays was, appellant replied "In Clay, I guess". Mays was apprehended outside the store across the parking lot. Mays gave a confession taking full responsibility for the offense, stating appellant knew nothing about the forgery.

The court's charge to the jury contained two separate application paragraphs purporting different theories of criminal responsibility. The first alternative instructed the jury to find the defendant guilty if they found that:

"... [appellant] did intentionally or knowingly attempt to obtain possession of a controlled substance, to-wit: Phenmetrazine, from Linda Libby by presenting to her a forged writing knowing such writing to be forged, that had been so made that it purported to be the act of Dr. E.A. Gomez who did not authorize the act ..."

The charge then tracked the statutory language regarding conviction as a party, V.T.C.A., Penal Code sections 7.01(a) and 7.02(a)(2). This was followed by the second

application alternative, which consisted of the following:

"... [appellant] did intentionally or knowingly attempt to obtain possession of a controlled substance, to-wit: Phenmetrazine, from Linda Libby by presenting to her a forged writing knowing such writing to be forged, that had been so made that it purported to be the act of Dr. E.A. Gomez who did not authorize the act *and* that the defendant, LEONARD NICKERSON, did then and there, with intent to promote or assist the commission of obtaining drugs by forgery, and (sic) did aid and assist others by attempting to obtain a controlled substance by forgery, fraud, or deception, then you will find the defendant guilty of obtaining drugs by forgery, as charged in the indictment." (emphasis supplied).

■ There was no objection to the charge by the State. Absent an objection to the charge by the State, we presume the jury to have been correctly instructed as to the theories and allegations advanced by the State. By not objecting to the charge, the State accepts any greater burden of proof placed upon it by that charge. *Stephens v. State*, 717 S.W.2d 338 (Tex.Cr. App.1986). However, the State can prove no less than the burden of proof placed upon it statutorily.

"The assistant district attorney informed the trial court that the State had no objection to the charge as given. The State thereby voluntarily shouldered the burden of proof allotted to it by that charge. As we pointed out in *Ortega v. State*, 668 S.W.2d 701, at 704–05 n. 10 (Tex.Cr.App.1983) (Opinion on original submission), if a prosecutor believes a charge unnecessarily increases his burden of proof,

"it behooves him specially to request a charge which correctly allocates the burden placed on him by law. This is nothing more than the course of law which is due before a person may be deprived of liberty. Article 1.04, V.A. C.C.P. And if the record reflects the prosecutor has pursued this course to protect his lawful obligations, but the trial court has nevertheless refused the amendment to the indictment or submission of the requested charge, and the evidence is found insufficient to support the verdict because of the trial court's errors in this regard, those reviewable rulings of the trial court found erroneous by the appellate court constitute 'trial error', and the State is free to pursue another prosecution. Cf. *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); and *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978)."

This is not such a case. The State requested no special charges and made no objections to the court's charge. We may only assume therefore that the charge adequately represented the theory of guilt upon which the State prosecuted appellant. Having failed to prove guilt under that theory, the State is not entitled to try appellant again for the same offense using a *different theory.* The State is certainly in no position to claim it should be allowed to retry appellant due to "trial error" in the court's charge when the State specifically stated that it had no objection to that charge. The time for the State to claim error in the charge was before that charge was given to the jury ...

*Stephens*, 717 S.W.2d at 341. Absent an objection by the State, analysis of the State's theory of guilt must be approached from a viewing of the charge. While the evidence presented at trial may suggest alternate theories of criminal culpability, we reject them as a means to sustain the conviction. Because, in the case at bar, the State neither objected to the jury charge nor asked for a special charge, the charge stands technically correct and sound relevant to the theories of criminal responsibility charged, *viz:* appellant engaging in criminal conduct as primary actor, or appellant engaging in criminal conduct as primary actor *and* as a party.

Under the first application paragraph, the State's theory of criminal responsibility

is that appellant engaged in criminal conduct as a primary actor and the State is burdened with proving appellant presented the forged writing to Linda Libby.

In the second application paragraph, the charge lists the allegations (of appellant as primary actor, and appellant as a party) in the conjunctive, burdening the State to prove *both* the actual presentation of the forged writing by the appellant *as well as* appellant's participation as a party.

> "When stating the abstract proposition of law in a charge, it should be stated in the conjunctive, but when the law is specifically applied to the accused it should be stated in the disjunctive."

*Brandon v. State,* 599 S.W.2d 567 (Tex.Cr. App.1979).

> "When a penal statute contains several ways of committing a crime, it will list them in the disjunctive. *State's pleading should list them in the conjunctive. The jury charge should list them (when they have been proved or sustained by evidence) in the disjunctive. Certainly the jury charge should list only the ways alleged that have been proved, and no others.* See *Robinson v. State,* 596 S.W.2d 130, 133 [ (Tex.Cr.App.1980) ] as to conjunctive submission; *Zanghetti v. State,* 618 S.W.2d 383 [ (Tex.Cr.App.1981) ]." (emphasis supplied).

"Jury Charges For Texas Criminal Practice (Indictments and Informations)", pg. 6, by Paul J. McClung, 1983.

■ It is proper for the State to allege in the indictment all different ways in which the offense may have been committed, and the proper way of joining such is by the word "and". *Zanghetti v. State,* 618 S.W.2d 383 (Tx.Cr.App.1981). However, the State must particularize its allegations in the jury charge, on the strength of evidence presented at trial, to only those allegations supported by that evidence. *Brandon,* 599 S.W.2d at 577; *Dovalina v. State,* 564 S.W.2d 378 (Tex.Cr.App.1978); *McElroy v. State,* 528 S.W.2d 831 (Tex.Cr.App. 1975); and *Provost v. State,* 514 S.W.2d 269 (Tex.Cr.App.1974).

■ A charge must be treated as an entirety, and regard must be had to the connection and interdependence of its several parts. *McClung,* supra. Simple inclusion in the charge of an abstract definitional paragraph on the law of parties does not guarantee correct application of those definitions to the facts of the case in the application portion of the charge. Nor does such an independent inclusion on the law of parties automatically put that theory of culpability before the jury. *Garrett v. State,* 749 S.W.2d 784 (Tex.Cr.App.1986). The definitions in the charge must be incorporated correctly into the charge's application paragraphs.

■ This Court finds that under the charge as a whole, *all* of the theories of criminal responsibility presented in the indictment or in the charge required that the State prove the essential element that appellant presented the forged prescription to Linda Libby. By not objecting to a charge which unnecessarily increased the State's burden of proof, the State deemed the charge correct and accepted that burden.

Having determined that this unobjected to charge is presumed to be correct as to the theories advanced by the State, we find that no "trial error" exists as to those theories.

■ We can now determine whether the sufficiency of the evidence supports a conviction of guilty under the charge as given. Sufficiency of the evidence must be considered from the charge given. If the evidence does not conform to the instructions given, it is insufficient as a matter of law. *Stephens v. State,* 717 S.W.2d 338 (Tex.Cr.App.1986); *Benson v. State,* 661 S.W.2d 708, 714 (Tex.Cr.App.1982); *Boozer v. State,* 717 S.W.2d 608 (Tex.Cr.App.1984). In the case at bar, every allegation in the charge requires a finding by the jury of the essential element of appellant presenting the forged writing. There was no evidence adduced at trial showing appellant ever possessed or presented the forged writing and the record reflects no evidence from

which a rational trier of fact could conclude, beyond a reasonable doubt, that every element of the offense had been proven by the State. We hold the evidence is insufficient to support appellant's conviction under the charge given. Because we have sustained appellant's first ground for review, appellant's second ground for review need not be addressed.

We find from the evidence that the only verdict authorized is one of "not guilty", therefore we remand this cause to the trial court and order the entry of a judgment of acquittal.

DAVIS, WHITE and BERCHELMANN, JJ., concur in the result.

McCORMICK, P.J., dissents.