Cummings v. State 


















IN THE
TENTH COURT OF APPEALS
 

No. 10-93-050-CR

     LAURA MAE CUMMINGS,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 18th District Court
Johnson County, Texas
Trial Court # 29082
                                                                                                    

O P I N I O N
                                                                                                    

      A jury found Laura Cummings guilty as a party to murder and aggravated robbery and
assessed punishment at life and sixty years, respectively. In her sole point of error, Cummings
challenges the sufficiency of the evidence supporting her convictions. We will affirm both
convictions.
      Cummings, her codefendant, Edward Davis,


 and the victim, Jim Mullendore, Jr. all resided
at a KOA campground. On the night of September 22, 1992, the three left the campground in
Davis' truck to purchase beer. After obtaining the beer, they went in search of crack cocaine for
Cummings and Davis. Ultimately, Mullendore passed out from intoxication in the bed of the
truck.
      While discussing their need for money to purchase more crack, Cummings suggested to Davis
that they steal Mullendore's money. Because Mullendore was unconscious, Cummings reasoned,
he would not know what occurred. Davis told Cummings that Mullendore would have to be killed
if they were to rob him. 
      The evidence at trial was disputed as to Cummings' response to Davis' declaration of intent
to commit murder. Her written statement to Texas Ranger George Turner indicates that she told
Davis "I could deal with it." At trial, however, Cummings contended that her written statement
contained a typographical error and that she actually told Davis that she "couldn't deal" with
killing Mullendore. In Davis' videotaped confession, he said that Cummings had responded that
"she had no problem with [killing Mullendore]."
      Carrying out their plan to rob Mullendore, Davis drove the truck to Napville. There, Davis
got into the back of the truck and beat Mullendore with a tire iron. According to Davis,
Cummings asked if he needed her to help him at some point during the assault on Mullendore. 
Cummings climbed into the back of the truck and removed $34 from Mullendore's pants pocket. 
She testified at trial, however, that Davis ordered her to assist him by removing the money. In
her statement to Ranger Turner, Cummings claimed that Davis drove to a bridge on a deserted
stretch of road in north Johnson County to dispose of Mullendore. Davis claimed that Cummings
volunteered to drive, stating that she knew of a bridge where they could "dump [Mullendore] off."
      When they arrived at the bridge, Davis again got into the back of the truck and stabbed
Mullendore in the chest several times. Cummings told Ranger Turner that, when she heard dogs
barking, she got out of the truck and warned Davis that they "needed to hurry because the dogs
were barking." During her testimony at trial, she disavowed this portion of her statement. Davis
pushed Mullendore out of the truck and over the bridge, and Cummings drove the truck away. 
Cummings and Davis drove directly to a crack house in Napville where they purchased three rocks
of crack cocaine using $30 of the stolen money.
      Mullendore's body was discovered at approximately 2:30 a.m. the next morning. His right
front pocket was turned inside out, his skull was fractured, and he had been stabbed three times
in the chest. According to the assistant medical examiner who preformed the autopsy, the cause
of death was massive hemorrhaging caused by the stab wounds. 
      When reviewing the sufficiency of the evidence, we are required to examine the evidence in
the light most favorable to the verdict. See Villalon v. State, 791 S.W.2d 130, 132 (Tex. Crim.
App. 1990). The test is whether any rational trier of fact could have found that the state proved
the elements of the crime beyond a reasonable doubt. Id.; Jackson v. Virginia, 443 U.S. 307,
319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). Moreover, the sufficiency of the evidence
must be measured against the charge. Nickerson v. State, 782 S.W.2d 887, 891 (Tex. Crim. App.
1990). The charge authorized Cummings' convictions only as a party to the offenses. Thus, the
question is whether any rational trier of fact could have found that she acted with intent to promote
or assist in the commission of the two offenses. See Tex. Penal Code Ann. § 7.02(a)(2)
(Vernon 1974).
      The jury had the duty to reconcile the conflict in Cummings' trial testimony, her written
confession, and Davis' confession. The jury could have rationally found that Cummings suggested
that the robbery be committed; that she knew Davis intended to murder Mullendore; that she
approved of the murder; that she participated in the robbery by removing the money from
Mullendore's pocket concurrent with his beating by Davis; that she suggested a place to dispose
of the victim; that she drove the truck to the location where the murder occurred; and that she
encouraged Davis to hurry to avoid detection. These facts are sufficient for the jury to rationally
conclude that Cummings acted with the intent to promote or assist in the commission of both
offenses and to find her guilty of murder and aggravated robbery as a party. See Cordova v. State,
698 S.W.2d 107 (Tex. Crim. App. 1985), cert. denied, 476 U.S. 1101, 106 S.Ct. 1942, 90
L.Ed.2d 352 (1986). Accordingly, we overrule the sole point of error and affirm the judgment.


                                                                                     BOB L. THOMAS
                                                                                     Chief Justice

Before Chief Justice Thomas,
      Justice Cummings, and
      Justice Vance
Affirmed
Opinion delivered and filed October 13, 1993
Do not publish