NUMBER 13-00-547-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI


KERVIN EUGENE BRYANT, Appellant,
v.


THE STATE OF TEXAS, Appellee.


On appeal from the 377th District Court of Victoria County, Texas.


O P I N I O N

Before Chief Justice Valdez and Justices Hinojosa and Baird (1)

Opinion by Justice Baird


Appellant was charged by indictment with the offense of possession of a controlled substance, namely cocaine, in an
amount of more than four but less than 200 grams. The indictment also alleged the offense occurred within 1000 feet of the
premises of a school. Finally, the indictment alleged two prior felony convictions for the purpose of enhancing the range of
punishment. A jury convicted appellant of the charged offense, and found that said offense occurred within 1000 feet of a
school. The jury found one of the enhancement allegations true, and assessed punishment at confinement for life in the
Texas Department of Criminal Justice--Institutional Division and a fine of $10,000.00. Appellant raises seven points of
error. We affirm.

I. Suppression of Evidence.

The first point of error contends the trial court erred in denying appellant's motion to suppress cocaine seized from the
automobile appellant's girlfriend rented from Enterprise Rent-A-Car. The trial court conducted a hearing on appellant's
motion. That motion was denied, and the contraband was subsequently admitted into evidence during the trial.

A. Standard of Appellate Review.

An appellate court reviews the trial court's ruling whether to admit or exclude evidence under an abuse of discretion
standard. Wilks v. State, 983 S.W.2d 863, 866 (Tex. App.-Corpus Christi 1998, no pet.). When reviewing a trial court's
decision on a motion to suppress, the appellate court should afford almost total deference to a trial court's determination of
the historical facts supported by the record. Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). The trial judge
is the sole judge of the credibility of the witnesses who have offered evidence on the facts underlying the motion and of the
weight to be given to their testimony. Id. Appellate courts should also afford the same level of deference to a trial court's
rulings on "application of law to fact questions," also known as "mixed questions of law and fact," if the resolution of those
ultimate questions turns on an evaluation of credibility and demeanor. Id. The appellate court may also review de novo
"mixed questions of law and fact" not falling within this category. Id.

B. Factual Summary.

Appellant's girlfriend, Tiffany Franklin, rented an automobile from Enterprise Rent-A-Car. Pursuant to the rental
agreement, Franklin was the only person permitted to operate the vehicle. Appellant was not authorized to operate the
vehicle. (2) When a vehicle is driven by an unauthorized person or abandoned, the contract is breached and Enterprise is
authorized to take custody of the automobile. 

Louis Boldt, a detective with the City of Victoria Police Department, saw the vehicle rented by Franklin parked in a high
crime area known for drug transactions. Boldt visually inspected the automobile and observed a plastic baggie protruding
from the center console of the front seat. Appellant walked upon the scene; when questioned about the vehicle, appellant
stated he was not the owner, and denied any knowledge of the automobile. When Boldt stated he was going to call
Enterprise, appellant stated the vehicle had been rented by his girlfriend, Franklin. Appellant left, and Boldt, believing the
vehicle was abandoned, called Enterprise.

Representatives of Enterprise arrived at the scene, and Franklin and appellant arrived a short time later. Franklin gave her
key to the vehicle to the representatives. The Enterprise representatives entered the automobile and discovered the alleged
contraband in the console. (3)

C. Standing.

Standing is a concept utilized to determine if a party is sufficiently affected so as to insure that a justiciable controversy is
presented to the court. (4) Villarreal v. State, 935 S.W.2d 134, 150 (Tex. Crim. App. 1996) (plurality opinion) (Baird, J.,
dissenting). This is a threshold issue that can be raised for the first time on appeal. State v. Klima, 934 S.W.2d 109, 111
(Tex. Crim. App. 1996). To challenge the alleged unlawful conduct, an individual must have a legally protected right. 
Villarreal, 935 S.W.2d at 150. The purpose of both the Fourth Amendment to the United States Constitution and Article I,
§ 9 of the Texas Constitution, "is to safeguard an individual's legitimate expectation of privacy from unreasonable
governmental intrusions." Richardson v. State, 865 S.W.2d 944, 948 (Tex. Crim. App. 1993). An accused has standing
under the federal and state constitutional provisions to challenge the admission of evidence obtained by a search only if he
had a legitimate expectation of privacy in the place searched. Rakas v. Illinois, 439 U.S. 128, 143 (1978);Richardson, 865
S.W.2d at 948-49; Fuller v. State, 829 S.W.2d 191, 202 (Tex. Crim. App. 1992).

The accused bears the burden of establishing a legitimate expectation of privacy. Calloway v. State, 743 S.W.2d 645, 650
(Tex. Crim. App. 1988). To carry this burden, the accused must establish first that, by his conduct, he exhibited an actual
subjective expectation of privacy, i.e., a genuine intention to preserve something as private, and second, that circumstances
existed under which society was prepared to recognize his subjective expectation as objectively reasonable. Smith v.
Maryland, 442 U.S. 735, 740 (1979); Richardson, 865 S.W.2d at 948-49. Relevant to the first prong, appellant expressly
denied ownership of the automobile, and any knowledge of who owned or possessed the vehicle. Indeed, upon learning
Enterprise was to be contacted, appellant found Franklin and returned with her to the scene. This is a strong indication that
Franklin, not appellant, possessed an actual subjective expectation of privacy in the vehicle. This is further supported by
the fact that Franklin, not appellant, had the key to the vehicle. For these reasons, we hold appellant has failed to establish
an actual subjective expectation of privacy.

Assuming, arguendo, appellant had carried his burden under the first prong, he would be required under the second prong
to prove society was prepared to recognize his subjective expectation as objectively reasonable. This we believe is an
impossible burden under the present state of established precedent. Our law is clear that society does not recognize as
objectively reasonable a passenger's expectation of privacy in a vehicle. United States v. Saluucci, 448 U.S. 83 (1980);
Rawlings v. Kentucky, 448 U.S. 98 (1980); Meeks v. State, 692 S.W.2d 504, 510 (Tex. Crim. App. 1985) (and cases cited
therein). Even permission from the driver to ride in the vehicle does not confer standing on the passenger. Lewis v. State,
664 S.W.2d 345, 347 (Tex. Crim. App. 1984). (5)

Logic dictates that if society is not willing to recognize an objective expectation of privacy in a passenger, even one with
permission, society is not prepared to recognize such a right in a bystander. Therefore, the second prong has not been
established.

For these reasons, we hold appellant lacked standing to suppress the contraband recovered from the rented vehicle. 
Accordingly, the trial court did not abuse his discretion in denying appellant's motion to suppress that evidence. (6) The first
point of error is overruled.

II. Challenges to Primary Offense.

Points of error two, three and four contend the evidence is legally and/or factually insufficient to prove appellant possessed
the cocaine, the weight of the cocaine, and that the substance ingested by appellant was cocaine, respectively.

A. Standards of Appellate Review

We will begin by establishing the appropriate standards of appellate review for these sufficiency challenges. When we are
asked to determine whether the evidence is legally sufficient to sustain a conviction we employ the standard of Jackson v.
Virginia and ask "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of
fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson, 443 U.S. 307, 319 (1979). 
The standard is applicable to both direct and circumstantial evidence cases. See Geesa v. State, 820 S.W.2d 154 (Tex.
Crim. App. 1991) overruled in part on other grounds by Paulson v. State, 28 S.W.3d 570, 573 (Tex. Crim. App. 2000). 

When we determine whether the evidence is factually sufficient, we employ one of the two factual sufficiency formulations
recognized in Johnson v. State, 23 S.W.3d 1 (Tex. Crim. App. 2000). In cases such as this, where the appellant attacks the
factual sufficiency of an adverse finding on an issue on which he did not bear the burden of proof, the appellant must
demonstrate there is insufficient evidence to support the adverse finding. Id. at 11. Under a factual sufficiency challenge,
the evidence is viewed without the prism of "in the light most favorable to the prosecution," but rather "in a neutral light,
favoring neither party." Id. at 6. A reversal is necessary only if the evidence standing alone is so weak as to be clearly
wrong and manifestly unjust. Id. at 8. The Johnson Court reaffirmed the requirement that in conducting a factual
sufficiency review the appellate court must employ appropriate deference to avoid substituting its judgment for that of the
fact finder. Id. at 7.

B. Factual Summary

The testimony described above from the motion to suppress hearing is essentially the same as that offered at trial. 
Therefore, we will not repeat it here and will begin this summary with the entry into the vehicle.

An Enterprise employee, Lawrence Cortez, testified that he often participated in the recovery of abandoned vehicles. As a
part of the recovery process, abandoned vehicles were inventoried. To inventory the rental car, Cortez sat in the driver's
seat while Franklin sat in the front passenger's seat. Cortez checked underneath the seat, over the visors, and then turned to
the console. Cortez removed the items from the console and placed them on the driver's seat. One of the items removed
was a Swisher Sweets cigar box. Cortez saw something fall from the box. Appellant then entered the vehicle from a rear
door, reached to the driver's seat, grabbed some of the console's contents, and put the contents in his mouth. 

City of Victoria police officer Randall Branecky, who was at the scene along with Boldt, heard Boldt say: "He is eating it. 
Eating the crack." Branecky entered the vehicle and tried to subdue appellant, who resisted. Boldt applied pressure to
appellant's jaw to prevent him from chewing. However, no trace of the substance was ever recovered. After being
eventually subdued, appellant was transported by ambulance to the hospital emergency room. Boldt, who remained at the
scene to secure the evidence, testified the cigar box contained three-quarters of a cookie of crack cocaine, and razor blades. 
The cigar box and its contents were marked and subsequently admitted as State's exhibit one.

Franklin testified she was appellant's girlfriend on the date alleged in the indictment. That morning, she drove with
appellant to Enterprise Rent-A-Car, and rented a car so she could leave her vehicle with a mechanic. Franklin drove the
rental car from Enterprise and appellant drove Franklin's automobile. They met at Whataburger; when they left, appellant
drove the rental car. Franklin did not see appellant again until that afternoon when he walked to Franklin's mother's home
and asked Franklin to drive to the location where the rental car was parked. Franklin complied; while in transit, appellant
instructed Franklin to tell the authorities at the scene that she had been the driver of the rental car. Appellant also told
Franklin the vehicle contained drugs and, therefore, she should not consent to a search. Franklin saw Cortez remove the
items from the console and lay them on the driver's seat. She also saw appellant enter the vehicle, take some of the console
contents and place them in his mouth. She asked appellant to spit out the contents but he would not. Franklin stated the
contraband was not hers, and had no knowledge of the contraband prior to her conversation with appellant. Franklin was
neither arrested nor prosecuted for any offense arising out of this incident.

Hector Cadena, a chemist with the Texas Department of Public Safety Field Laboratory, in Corpus Christi, examined the
contents of State's exhibit one. Cadena determined the contents to be cocaine, weighing 12.77 grams. 

Sandra Hoffer, a defense witness, was the emergency room nurse on duty when appellant arrived. Appellant was being
treated for a possible cocaine overdose. However, he denied consuming any cocaine. Ultimately, appellant did not exhibit
the symptoms associated with an overdose and was released. Appellant's medical records were admitted into evidence
through Hoffer.

C. The Affirmative Links Doctrine.

In possession of controlled substance cases, two evidentiary requirements must be met: first, the State must prove that
appellant exercised actual care, control and management over the contraband; and second, that he had knowledge that the
substance in his possession was contraband. See King v. State, 895 S.W.2d 701, 703 (Tex. Crim. App.1995)(citing Martin
v. State, 753 S.W.2d 384, 387 (Tex. Crim. App.1988)). The affirmative links doctrine is invoked to determine whether the
State has met its burden of proof. The court of criminal appeals explained this doctrine inBrown v. State, 911 S.W.2d 744,
747 (Tex. Crim. App. 1995):

[U]nder our law, an accused must not only have exercised actual care, control, or custody of the substance, but must also
have been conscious of his connection with it and have known what it was, evidence which affirmatively links him to it
suffices for proof that he possessed it knowingly. Under our precedents, it does not really matter whether this evidence is
direct or circumstantial. In either case it must establish, to the requisite level of confidence, that the accused's connection
with the drug was more than just fortuitous. This is the whole of the so-called "affirmative links" rule.



Id. at 747.

In Brown, the State invited the court to overrule the affirmative links doctrine. In declining that invitation, the court
declared the current state of the law as follows: "[E]ach defendant must still be affirmatively linked with the drugs he
allegedly possessed, but this link need no longer be so strong that it excludes every other outstanding reasonable hypothesis
except the defendant's guilt." Id. at 748.

Whether the theory of prosecution is sole or joint possession, the evidence must affirmatively link the accused to the
contraband in such a manner and to such an extent that a reasonable inference may arise that the accused knew of the
contraband's existence and that he exercised control over it. See Travis v. State, 638 S.W.2d 502, 503 (Tex. Crim. App.
1982). The mere presence of the accused at a place where contraband is located does not make him a party to joint
possession, even if he knows of the contraband's existence. See Oaks v. State, 642 S.W.2d 174, 177 (Tex. Crim. App.
1982). When an accused is not in exclusive possession of the place where contraband is found, it cannot be concluded he
had knowledge or control over the contraband unless there are additional independent facts and circumstances that
affirmatively link him to the contraband. See Brown, 911 S.W.2d at 748; Cude v. State, 716 S.W.2d 46, 47 (Tex. Crim.
App. 1986).

The following factors have been considered when determining whether the evidence is sufficient to affirmatively link an
accused with the controlled substance:

1. The contraband was in plain view;

2. The accused was the owner of the premises in which the contraband was found;

3. The contraband was conveniently accessible to the accused;

4. The contraband was found in close proximity to the accused;

5. A strong residual odor of the contraband was present;

6. Paraphernalia to use the contraband was in view or found near the accused;

7. The physical condition of the accused indicated recent consumption of the contraband in question;

8. Conduct by the accused indicated a consciousness of guilt;

9. The accused had a special connection to the contraband;

10. The place where the contraband was found was enclosed;

11. The occupants of the premises gave conflicting statements about relevant matters; and 

12. Affirmative statements connect the accused to the contraband. 

See Dixon v. State, 918 S.W.2d 678, 681 (Tex. App.--Beaumont 1996, no pet.);Watson v. State, 861 S.W.2d 410, 414-15
(Tex. App.--Beaumont 1993, pet. ref'd). Additionally, some cases consider the quantity of the contraband as an affirmative
link. See Carvajal v. State, 529 S.W.2d 517, 520 (Tex. Crim. App. 1975); Ortiz v. State, 930 S.W.2d 849, 853 (Tex.
App.--Tyler 1996, no pet.); Washington v. State, 902 S.W.2d 649, 652 (Tex. App.--Houston [14th Dist] 1995, pet. ref'd). 
The number of the factors is not as important as the logical force the factors have in establishing the elements of the
offense. See Jones v. State, 963 S.W.2d 826, 830 (Tex. App.--Texarkana 1998, pet. ref'd); Gilbert v. State, 874 S.W.2d
290, 298 (Tex. App.--Houston [1st Dist.] 1994, pet. ref'd).

D. Analysis

i.

We will consider these factors in the context of the instant case. The contraband was not found in plain view but rather in a
cigar box inside the console. According to Franklin, appellant had control over the vehicle in which the contraband was
found. In that capacity, the contraband was conveniently accessible to and in close proximity to appellant. There was no
odor of the contraband present. Paraphernalia in the form of razor blades were found in the cigar box which held the
contraband. Appellant's physical condition did not indicate recent consumption of the contraband in question. However,
appellant's conduct of first denying ownership of the vehicle, escorting Franklin to the scene, informing her of the
contraband in the vehicle, instructing her to not permit the vehicle to be searched, and taking some of the console contents
and placing them in his mouth indicate a strong consciousness of guilt and a special connection to the contraband. The
contraband was found in an enclosed cigar box within a closed console. Appellant gave conflicting statements about his
connection to the vehicle. Appellant did not make any affirmative statements connecting himself to the contraband.

When these factors are viewed in the light most favorable to the prosecution, we hold a rational trier of fact could have
found beyond a reasonable doubt that the evidence affirmatively linked appellant to the cocaine found inside the cigar box
removed from the console in such a way as to prove he exercised actual care, control and management over the substance
with knowledge that the substance was cocaine. Jackson, 443 U.S. at 319. Furthermore, we find that when the evidence is
viewed in a neutral light, it is not so weak that appellant's conviction is clearly wrong or manifestly unjust. Johnson, 23
S.W.3d at 7. Point of error two is overruled. (7)

ii.

The indictment alleged appellant possessed cocaine in an amount of more than four but less than 200 grams. As noted
above, the chemist, Hector Cadena, testified he determined the weight of the cocaine to be 12.77 grams. The State
proceeded further and asked if 12.77 grams was between four and 200 grams. Cadena responded in the affirmative. We
find that when Cadena's testimony is viewed in the light most favorable to the prosecution a rational trier of fact could have
found beyond a reasonable doubt the weight of the cocaine to be more than four but less than 200 grams. Jackson, 443
U.S. at 319. Further, we find that when his testimony is viewed in a neutral light, the evidence is not so weak that the
conviction is clearly wrong or manifestly unjust. Johnson, 23 S.W.3d at 7. Point of error three is overruled.

iii.

In his fourth point of error, appellant contends the evidence is insufficient to prove the substance ingested by appellant was
cocaine. However, in light of our findings in connection with the second and third points of error, that appellant knowingly
possessed more than four grams of cocaine as alleged in the indictment, the issue raised in this point of error is moot
because we have determined the evidence is sufficient to support the verdict. Consequently, the fourth point of error is
overruled.

III. Montessori Schools and Drug-Free Zones.

Section 481.134 of the Health and Safety Code creates drug-free zones. Tex. Health & Safety Code Ann. § 481.134
(Vernon Supp. 2001). These zones are breached, inter alia, when an offense is committed within 1000 feet of a school.
School is defined as "a private or public elementary or secondary school or a day-care center, . . . ." Id. Proof of
commission of an offense in a drug-free zone allows the punishment for the offense to be enhanced. Id. The fifth point of
error contends the evidence is legally and/or factually insufficient to prove appellant committed the instant offense within a
drug-free zone.

The indictment alleged the instant offense was committed in, on, and within 1000 feet of a school, to-wit: F. W. Gross
Montessori School. During the guilt phase of the trial, Officer Boldt testified he was familiar with F. W. Gross Montessori
School. He determined the distance from where the rental car was searched to the school was approximately 200 feet. 
Ronald Peace, the superintendent of schools within the Victoria Independent School District (V.I.S.D.), testified that F. W.
Gross Montessori School was real property was owned by the V.I.S.D. The trial court included the issue in the court's
charge, and instructed the jury to reach that issue if they first determined appellant was guilty of the primary offense. The
jury affirmatively answered that issue. 

Appellant argues there is no evidence that F. W. Gross Montessori School was an elementary or secondary school or day
care center. Appellant opines that Montessori Schools are typically pre-kindergarten schools. Maria Montessori was an
Italian educator who developed a system of training and teaching young children which emphasizes training of the senses
and guidance rather than rigid control of the child's activity so as to encourage self-education. See Webster's New World
Dictionary, 923 (2nd College Ed. 1984). Therefore, a Montessori school is not defined by the age of its pupils, but rather
by the method employed to teach those pupils. Peace's testimony clearly established F. W. Gross Montessori School was a
part of the public education system in the V.I.S.D. Therefore, we do not believe it would be irrational for a jury to find
beyond a reasonable doubt that it was a school as provided for by section 481.134. Jackson, 443 U.S. at 319. Additionally,
we do not believe the evidence supporting an affirmative finding that the instant offense was committed within a drug-free
zone, when viewed in a neutral light, is so weak that an enhancement of the range of punishment under section 481.134 is
clearly wrong or manifestly unjust. Johnson, 23 S.W.3d at 7. Point of error five is overruled.

IV. Enhancement Allegations.

The fifth point of error contends there is a fundamental variance between the pleading and proof as it relates to the
enhancement paragraphs in the indictment which alleged two prior felony convictions. The indictment alleged the first
offense was final on December 1, 1993, and the second offense was final on August 4, 1994. However, the penitentiary
packet offered into evidence to support these allegations showed the second offense was committed on September 9, 1993. 
Therefore, that offense did not and indeed could not have "occurred subsequent to the first conviction." Tex. Pen. Code
Ann. § 12.42(d) (Vernon Supp. 2001). Consequently, the trial court did not charge the jury on the range of punishment for
a habitual offender. Instead, the trial court submitted the range of punishment consistent with the jury's verdict and finding
that the offense was committed within 1000 feet of a drug free zone, and the range of punishment enhanced by a prior
felony conviction, namely the second offense alleged for enhancement purposes. The jury found that latter allegation to be
true and assessed punishment at confinement for life and a fine of $10,000.

The fatal variance doctrine stands for the proposition that a variance between an allegation and the evidence introduced to
support that allegation may be fatal because due process guarantees the defendant notice of the charges against him. Stevens
v. State, 891 S.W.2d 649, 650 (Tex. Crim. App. 1995). The fatal variance doctrine is applicable to enhancement
allegations. Human v. State, 749 S.W.2d 832, 837 (Tex. Crim. App. 1988). However, not every variance between the
evidence at trial and the indictment is fatal; only a material variance is fatal. Stevens, 891 S.W.2d at 650. A variance is
material only if it operated to the defendant's surprise or prejudiced his rights. Id. In other words, to show the variance was
fatal, the defendant must prove that it misled him to his prejudice. Id. As the second offense alleged in the indictment was
the only prior conviction submitted to the jury, appellant could not have been misled because the indictment provided
notice that the conviction would be used for enhancement purposes. Additionally, the State's failure of proof enured to
appellant's benefit, not his detriment, because it prohibited the jury from being able to find both alleged prior convictions to
be true which would have increased the minimum punishment to twenty-five years. Tex. Pen. Code Ann. § 12.42(d)
(Vernon Supp. 2001). Therefore, appellant cannot show prejudice. Consequently, we hold the State's failure to prove the
second offense occurred after the first offense became final, neither misled nor prejudiced appellant. (8) The sixth point of
error is overruled.

The seventh point of error contends the evidence is legally and/or factually insufficient to prove appellant was the same
person alleged in the second enhancement paragraph. After the trial court entered pleas of not true to each enhancement
allegation, (9) the State called Henry Castillo, an identifications officer with the Victoria County Sheriff's Department. 
Castillo compared the known fingerprints of appellant which were on State's exhibit ten, to the unknown prints within
State's exhibit seven, a penitentiary packet, and determined the prints in the latter exhibit were made by appellant. The
penitentiary packet was later admitted into evidence, but State's exhibit ten was never offered or admitted into evidence. 
Appellant argues the failure to have exhibit ten admitted renders the evidence insufficient.

The State has the burden of proof to show the prior conviction alleged for enhancement purposes was final and that
appellant was the person previously convicted of that offense. Wilson v. State, 671 S.W.2d 524, 525 (Tex. Crim. App.
1984) (citing Augusta v. State, 639 S.W.2d 481, 484 (Tex. Crim. App. 1982)); Smith v. State, 998 S.W.2d 683, 687 (Tex.
App.-Corpus Christi 1999, pet. ref'd). The State may sustain its burden by certified copies of a judgment and a sentence,
and authenticated copies of the Texas Department of Corrections records including fingerprints, but this evidence must be
supported by expert testimony identifying the fingerprints as identical with known prints of the defendant. Beck v. State,
719 S.W.2d 205, 209 (Tex. Crim. App.1986). This procedure was followed in the instant case. There is no requirement
that the known fingerprints used to determine the defendant was the person previously convicted be admitted into evidence. 
Cleveland v. State, 814 S.W.2d 140, 141 (Tex. App.-Houston [14th Dist.] 1991, no pet.). The seventh point of error is
overruled.

The judgment of the trial court is affirmed.



 

CHARLES F. BAIRD

Justice





Do not publish. 

Tex. R. App. P. 47.3.



Opinion delivered and filed this the

13th day of December, 2001.

1. Former Court of Criminal Appeals Judge Charles F. Baird assigned to this Court by the Chief Justice of the Supreme
Court of Texas pursuant to Tex. Gov't Code Ann. § 74.003 (Vernon 1998).

2. On cross-examination, Jennifer Buehring, an Enterprise representative testified as follows:

Q. Is [appellant] allowed, by your contract, to have care, custody and/or control of that vehicle?

A. Not at all. No, sir.

Q. If [appellant] had care, custody or control of the vehicle, [Franklin] would be in violation of the contract with
Enterprise; is that correct?

A. That's correct.

Q. And if [Franklin] was in violation of the contract, you would have the right to repossess that vehicle; is that correct?

A. That's correct.

3. The record is unclear as to whether Franklin's key would actually open the vehicle. A locksmith was called to the scene
and the vehicle was eventually opened by either Franklin's key or the locksmith. 

4. Both appellant and the State addressed the issue of standing in the trial court. Appellant does not discuss the issue in his
brief. The State mentions standing in passing but does not cite any authority.

5. We do not mean to suggest there are no exceptions to this general rule of law. Certainly, a passenger who asserts an
ownership interest in the automobile or property seized has a legitimate expectation of privacy in the interior of the
automobile or the contents of the property. Meeks v. State, 692 S.W.2d 504, 510 (Tex. Crim. App. 1985); Kelley v. State,
807 S.W.2d 810, 815 (Tex. App. -Houston [14th Dist.] 1991, pet. ref'd). However, this exception is not applicable here
because, as noted above, appellant expressly denied any interest in the automobile.

6. Even if appellant had established an abuse of discretion, we would hold the error was waived when defense counsel
affirmatively stated "no objection" when the contraband was offered into evidence during trial. Gearing v. State, 685
S.W.2d 326, 329 (Tex. Crim. App. 1989), overruled on other grounds by Woods v. State, 956 S.W.2d 33 (Tex. Crim. App.
1997). 

7. Within the second point of error, appellant argues the evidence is insufficient to corroborate the testimony of Franklin
whom the court permitted the jury to find was an accomplice as a matter of fact. However, we find the testimony of Cortez
who saw appellant enter the vehicle and ingest some of the contents removed from the console is sufficient to tend to
connect appellant to the charged offense. Tex. Code Crim. Proc. Ann. art. 38.14 (Vernon 1979).

8. Both appellant and the State cite Nickerson v. State, 782 S.W.2d 887 (Tex. Crim. App. 1990), in their briefs. That case
stands for the proposition that when the court's charge to the jury is otherwise correct but places a higher burden on the
State, failure to object constitutes an acceptance of that higher burden by the State. However, we do not believe Nickerson
is applicable in the instant case because the court's charge did not include the habitual offender allegation of section
12.44(d). Therefore, the State's burden of proof was neither increased nor accepted as it relates to the first offense. Cf.
Warren v. State, 810 S.W.2d 202 (Tex. Crim. App. 1991).

9. Tex. Code Crim. Proc. Ann. art. 26.12 (Vernon 1989).