Opinion Issued April 1, 2004















     




In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00102-CR




EVERARDO BARRERA, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 23rd District Court
Brazoria County, Texas
Trial Court Cause No. 42,752




MEMORANDUM OPINION

          A jury found appellant, Everardo Barrera, guilty of the offense of possession
of less than 2,000 but more than 50 pounds of marihuana. The trial court assessed
punishment at 20 years’ confinement. In seven points of error, appellant contends
that there is insufficient evidence to sustain his conviction; that the trial court erred
in denying his motion to dismiss on double jeopardy grounds, failing to submit him
to a psychiatric examination, failing to conduct a Jackson v. Denno


 hearing before
admitting his confession, failing to submit a jury charge on the issue of entrapment,
submitting the required mental states in the jury charge in the disjunctive when the
indictment alleged the mental states in the conjunctive; and that he was denied
effective assistance of counsel. We affirm. 
Background
          On April 9, 2002, as part of an undercover narcotics operation, Pasadena Police
Detective Leland Oliver met appellant at a TGI Friday’s restaurant regarding the
purchase of 600 pounds of marihuana. Oliver was accompanied by a confidential
informant, who was driving a Mustang. 
          At the restaurant, Oliver and appellant negotiated the deal while the
confidential informant stood by. Oliver agreed to pay $350 a pound for the
marihuana. Appellant agreed to take the confidential informant to another location
and load 400 pounds of marihuana into his Mustang. Later, the confidential
informant and appellant were to meet Oliver so he could inspect the 400 pounds of
marihuana and pay for 600 pounds. The additional 200 pounds were to be picked up
at a later date. 
          After the final arrangements were made, the confidential informant and
appellant went to a house on F.M. 521. Oliver followed appellant, but did not go to
the house; instead, he stopped at a nearby gas station to wait. Other surveillance
officers followed appellant and the confidential informant to the house on F.M. 521. 
          Pasadena Police Officer Dan O’Sullivan testified that he followed the
confidential informant and appellant to the house and watched as appellant unlocked
the gate to a residence. He saw the confidential informant and appellant remain at the
residence for approximately 15 minutes before both men left in the Mustang. Thirty
minutes after the Mustang left, O’Sullivan approached the residence and met up with
other officers already on the scene. After the home’s owner consented to a search,
officers recovered additional marihuana, a 50-pound scale, Saran wrap, and a
marihuana press.
          Appellant was apprehended after arriving at the gas station with the
confidential informant; officers recovered approximately 400 pounds of marihuana
from the Mustang. After his arrest, appellant signed a statement confessing to the
possession of 600 pounds of marihuana. At trial, appellant denied that he had
confessed and claimed that the signature on the statement was his. A chemist for the
Pasadena Police Department testified that the total usable weight of marihuana
recovered from the residence and the Mustang was approximately 574.1 pounds. 
          On November 25, 2002, at a pretrial hearing, Judge Caldwell,


 a retired judge
handling the docket for Judge Hardin at that time, appointed Joe Silvas as stand-by
counsel because appellant insisted on representing himself. At another pretrial
hearing in front of Judge Hardin,


 appellant further insisted that he would represent
himself, that he did not need Silvas, and that Silvas was not going to be his
consultant. On January 13, 2003, at a motion to quash hearing, Judge Gayle,


 the
retired trial court judge then assigned to hear Judge Hardin’s docket, warned
appellant of the hazards of representing himself. During voir dire, the court again
warned appellant of the disadvantages of representing himself and offered to appoint
an attorney to represent him. Appellant refused the offer of appointed counsel and
insisted on representing himself. 
          Prior to trial, appellant filed three motions to dismiss on double jeopardy
grounds. Appellant claimed that he had already been prosecuted for the offense in
federal court. At a pre-trial hearing, Silvas explained to the trial court that, in 2002,
appellant was charged with an offense in the United States District Court for the
Southern District of Texas. The federal complaint indicated that on April 9, 2002, the
date of the instant offense, appellant possessed marihuana with intent to deliver. On
April 17, 2002, a probable cause hearing was held on the federal complaint, at which
the federal magistrate determined that there was probable cause to hold appellant. 
However, on May 8, 2002, the federal complaint was dismissed without prejudice
because the confidential informant used in that case was unavailable. The trial court
in this case never ruled on appellant’s double jeopardy motions. 
Discussion 
Sufficiency of the Evidence
          In his first point of error, appellant contends that the evidence is legally and
factually insufficient to support his conviction for intentionally and knowingly
possessing marihuana. However, appellant fails to develop his legal argument with
citations to authority, or to relate the law to the facts with appropriate citations to the
record. 
          Texas Rule of Appellate Procedure 38 provides that a brief to this Court shall
contain, among other things, a concise, nonargumentative statement of the facts of the
case, supported by record references, and a clear and concise argument for the
contentions made with appropriate citations to authorities and the record. Tex. R.
App. P. 38.1. Rule 38.1 is not satisfied by merely uttering brief, conclusory
statements, unsupported by any legal citation. See Vuong v. State, 830 S.W.2d 929,
940 (Tex. Crim. App. 1992); Franklin v. Enserch, Inc., 961 S.W.2d 704, 711 (Tex.
App.—Amarillo 1998, no pet.). Moreover, citations to authorities alone are not
sufficient to comprise an argument that suffices under Rule 38.1. An appellant’s brief
also must argue to the court the law and the facts that weigh in the party’s favor. See
State v. Gonzalez, 855 S.W.2d 692, 697 (Tex. Crim. App. 1993); McFarland v.
Sanders, 932 S.W.2d 640, 647 (Tex. App.—Tyler 1996, no writ). 
          Here, in addition to his two sentences briefing the standards of review for legal
and factual sufficiency, appellant’s argument as to his first point of error is set forth
in its entirety as follows:
Although the indictment charged Appellant with actual
possession of marihuana, the evidence consisted of
testimony of an undercover agent and surveillance police
officers. Detective Oliver admitted that he himself set out
to purchase marihuana and ultimately arranged to have
Appellant bring him several hundred pounds. The
testimony did not make it clear how it was surveillance
police came to a farm house occupied by other gentlemen,
who fled when police rushed the house. The confidential
informant eventually arrived, himself driving the vehicle
with the controlled substance.

          When appellant does cite to the record, he wholly fails to discuss the facts in
light of legal authority to uphold his burden of demonstrating to this court that the
trial court committed error. Appellant fails to cite any authority or provide any legal
analysis in support of his contentions. Under these circumstances, we conclude that
he has failed to adequately brief this point of error. See Swearingen v. State, 101
S.W.3d 89, 100 (Tex. Crim. App. 2003); McCarthy v. State, 65 S.W.3d 47, 49 n.2
(Tex. Crim. App. 2001). It is not this court’s burden to formulate appellant’s
argument. See Tex. R. App. P. 38.1(h). Because appellant has failed to discuss the
law and the facts and to make cogent arguments concerning how we should decide
the issue, appellant has waived the issue on appeal. We overrule appellant’s first
point of error. 
Double Jeopardy
          In his second point of error, appellant contends that the trial court erred in
denying his motion to dismiss the indictment on double jeopardy grounds. Appellant
argues that he was prosecuted in both federal and state court for the same offense
through identical witnesses. He claims that “the absence of a witness did not warrant
a dismissal of [the federal complaint] with the idea [of] trying him in the future.”
          Three times before trial, appellant filed motions to dismiss on double jeopardy
grounds; none were ruled on. However, appellant’s stand-by counsel filed a copy of
the federal order on the motion to dismiss filed in federal district court, which
indicated that the federal charges and complaint against appellant were dismissed
because the confidential informant was unavailable. Stand-by counsel explained to
the trial court that the federal complaint had been filed, a probable cause hearing had
been held, the charge had been dismissed, and appellant had subsequently been
indicted in this action in Brazoria County district court for the instant offense. 
          The Double Jeopardy Clause in the Fifth Amendment, which is applicable to
the states under the Fourteenth Amendment, provides that no person shall “be subject
for the same offense to be twice put in jeopardy of life or limb.” U.S. Const. amends.
V, XIV. It protects against a second prosecution for the same offense after acquittal
or conviction, and against multiple punishments for the same offense. United States
v. Dixon, 509 U.S. 688, 694-96, 113 S. Ct. 2849, 2855-56 (1993). Texas’s double
jeopardy provision is conceptually identical to the federal provision and provides no
greater protection than the federal constitution. Ex parte Davis, 893 S.W.2d 252, 256
(Tex. App.—Austin 1995), aff’d, 957 S.W.2d 9 (Tex. Crim. App. 1997). 
          In the trial court, a defendant bears the burden of establishing a double
jeopardy violation. State v. Garza, 908 S.W.2d 60, 61 (Tex. App.—Houston [1st
Dist.] 1995, pet. ref’d). This requires that the defendant present evidence to support
his allegation of former jeopardy. Shaffer v. State, 477 S.W.2d 873, 875 (Tex. Crim.
App. 1971). Here, appellant failed to develop the record or present evidence
establishing double jeopardy. While the record indicates that appellant was charged
with the offense of possession with intent to deliver marihuana in the United States
District Court for the Southern District of Texas, which was subsequently dismissed
without prejudice due to an unavailable confidential informant, it is unclear if or how
the federal charge relates to the present charge. Most importantly, appellant has
presented no evidence that he was either acquitted or convicted in federal district
court for the same offense, as required to substantiate a double jeopardy claim. See
Dixon, 509 U.S. at 694-96, 113 S. Ct. at 2856. At most, appellant has shown that he
was indicted in federal court for a federal offense based on events that occurred on
the same day as the instant offense and that such charge was dismissed without an
acquittal or conviction and without prejudice. 
          Appellant has failed to carry his burden on his double jeopardy claim. We
overrule appellant’s second point of error.
Psychiatric Examination
          In his third point of error, appellant contends that the trial court erred in failing
to require him to submit to a psychiatric examination before trial. 
          The standard of review on appeal is whether the trial court abused its discretion
in failing to conduct a competency hearing. See Moore v. State, 999 S.W.2d 385, 393
(Tex. Crim. App. 1999). A defendant is presumed competent to stand trial and shall
be found competent to stand trial unless proved incompetent by a preponderance of
the evidence. Tex. Code Crim. Proc. Ann. art. 46.02 § 1A(b) (Vernon Supp. 2004). 
A person is incompetent to stand trial if he does not have sufficient present ability to
consult with his lawyer with a reasonable degree of rational understanding, or if he
does not have a rational and factual understanding of the proceedings against him. 
Tex. Code Crim. Proc. Ann. art. 46.02, §1A(a)(1), (2). A trial court is required to
conduct a competency inquiry pursuant to article 46.02, section 2, if evidence raising
a bona fide doubt regarding the defendant’s competence is brought to the court’s
attention from any source. Tex. Code Crim. Proc. Ann. art. 46.02, § 2; McDaniel
v. State, 98 S.W.3d 704, 710 (Tex. Crim. App. 2003). Evidence is usually sufficient
to raise a bona fide doubt if it shows recent severe mental illness, at least moderate
retardation, or truly bizarre acts by the defendant. McDaniel, 98 S.W.3d at 710
(quoting Alcott v. State, 51 S.W.3d 596, 602 (Tex. Crim. App. 2001)). 
          Appellant asserts that his actions during trial, such as rambling incoherently,
asking the judge for his name, and failing to present a defense, indicate his
incompetency. We disagree. In Moore v. State, 999 S.W.2d 385 (Tex. Crim. App.
1999), the Court of Criminal Appeals held that disruptive behavior is not, by itself,
probative of incompetence. Id. at 395. In that case, the court held that the defendant,
who made several inappropriate comments and outbursts during trial and had a
history of hospitalizations for depression, did not establish a bona fide doubt as to his
competency to stand trial. Id. at 396-97; see also Smith v. State, 51 S.W.3d 806, 812
(Tex. App.—Texarkana 2001, no pet.) (defendant’s actions of removing his clothes,
lying on floor, and refusing to move did not constitute evidence raising bona fide
doubt as to his competency). 
          Here, appellant was disruptive in court but coherently argued a philosophy
consistent with “Republic of Texas” proponents. He interacted with the judge on
numerous occasions, expressed his understanding of his right to self-representation,
and even raised a double jeopardy motion. The evidence does not raise a bona fide
doubt as to whether he was able to communicate with his attorney or understand the
proceedings against him; he just chose not to communicate with stand-by counsel. 
The trial court did not abuse its discretion in failing to conduct a competency hearing
sua sponte. We overrule appellant’s third point of error. 
Admission of Statement 
          In his fourth point of error, appellant claims that the trial court erred in failing
to conduct a Jackson v. Denno hearing before the admission into evidence of a
statement which he challenged as involuntary. 378 U.S. at 380, 84 S. Ct. at 1783.
          A Jackson v. Denno hearing is required under Texas Code of Criminal
Procedure article 38.22, section 6, if a defendant moves to suppress a statement on
the ground of involuntariness. Tex. Code Crim. Proc. Ann. art. 38.22, § 6 (Vernon
Supp. 2004). If the defendant objects to the admissibility of his statement on the
grounds of voluntariness, the court must conduct a hearing, outside of the presence
of the jury, to determine its admissibility. Alvarado v. State, 912 S.W.2d 199, 211
(Tex. Crim. App. 1995). 
          Here, appellant fails to cite to any place in the record where the trial court
denied his request for a Jackson v. Denno hearing. More significantly, appellant did
not object to the admission of his statement on the basis of its voluntariness. Rather,
he objected on the basis of identity, by claiming he was not the person who made the
statement. Because appellant’s complaint on appeal does not comport with his trial
objection, he has failed to preserve error. See Guevara v. State, 97 S.W.3d 579, 583
(Tex. Crim. App. 2003). Accordingly, we overrule appellant’s fourth point. 
Entrapment 
          In his fifth point of error, appellant contends that the trial court erred in failing
to sua sponte submit a jury charge on the issue of entrapment. Entrapment is a
defensive issue. See Geiberg v. State, 984 S.W.2d 245, 248 n.2 (Tex. Crim. App.
1998). To preserve error on a defensive charge, an appellant must object or make a
specific request. Posey v. State, 966 S.W.2d 57, 61 (Tex. Crim. App. 1998); Vasquez
v. State, 919 S.W.2d 433, 435 (Tex. Crim. App. 1996). Our review of the record
reveals that appellant did not object or request a charge on entrapment. Therefore,
appellant waived any error. We overrule appellant’s fifth point of error. 
Variance in Jury Charge 
          In his sixth point of error, appellant contends that the trial court erred in
submitting a portion of the jury charge in the disjunctive when it was alleged in the
conjunctive in the indictment. In particular, appellant contends that, because the
indictment charged that he “intentionally and knowingly” possessed marihuana, the
court erred in instructing the jury to find him guilty if it found that he “intentionally
or knowingly” possessed marihuana. 
          The Court of Criminal Appeals has long approved the practice of pleading
alternative elements of an offense conjunctively and submitting them disjunctively
whenever the statutory language is disjunctive, as it is here. Nickerson v. State, 782
S.W.2d 887, 891 (Tex. Crim. App. 1990). Section 481.121 of the Texas Health and
Safety Code provides, in relevant part, that “a person commits an offense if he
knowingly or intentionally possesses a usable quantity of marihuana.” Tex. Health
& Safety Code Ann. § 481.121(a) (Vernon 2003) (Emphasis added.). Therefore,
the State properly charged the requisite culpable mental states for possession of
marihuana conjunctively in the indictment and disjunctively in the charge. See
Nickerson, 782 S.W.2d at 891. The trial court did not err in charging the alternative
culpable mental states of the offense in the disjunctive. We overrule appellant’s sixth
point of error. 
Ineffective Assistance of Counsel 
          In his seventh point of error, appellant argues that he was denied effective 
assistance of counsel because his stand-by counsel’s failure to object to any of the
proceedings, or suggest a competency inquiry caused him harm, i.e., hearsay
testimony was elicited and his statement was admitted.


 “[A] defendant who chooses
to forgo the assistance of counsel and represent himself at his trial also necessarily
waives his right to complain on appeal that he was rendered ineffective assistance.” 
Robinson v. State, 16 S.W.3d 808, 813 n.6 (Tex. Crim. App. 2000). We overrule
appellant’s seventh point of error. 
Conclusion
          We affirm the judgment of the trial court. 
 
Evelyn V. Keyes
                                                             Justice
 
Panel consists of Justices Nuchia, Jennings, and Keyes.
Do not publish. Tex. R. App. P. 47.4.