# Court of Appeals
## Tenth Appellate District of Texas

### 10-25-00005-CR

Otho Prince Hill IV,
Appellant

v.

The State of Texas,
Appellee

On appeal from the
54th District Court of McLennan County, Texas
Judge Susan N. Kelly, presiding
Trial Court Cause No. 2023-1819-C2

JUSTICE HARRIS delivered the opinion of the Court.

## MEMORANDUM OPINION

Otho Prince Hill IV was convicted of Continuous Violence Against the Family, enhanced, and sentenced to 20 years in prison. We affirm the trial court's judgment.

### FACIAL CONSTITUTIONALITY

In his first issue on appeal, Hill contends that section 25.11(b) of the Texas Penal Code is unconstitutional on its face. The portion of section

25.11(b) about which Hill complains provides:

> …members of the jury are not required to agree unanimously on the specific conduct in which the defendant engaged that constituted an offense under Section 22.01(a)(1) against the person or persons described by Subsection (a), the exact date when that conduct occurred,…

TEX. PENAL CODE § 25.11(b).

A facial challenge to the constitutionality of a statute cannot be raised for the first time on appeal, *see Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009); *Holland v. State*, 702 S.W.3d 836, 843 (Tex. App.—Waco 2024, pet. ref'd), and Hill did not complain to the trial court that the statute was facially unconstitutional. Instead, he asserted that the language in the jury charge which followed the statute violated his right to a unanimous verdict.

Consequently, because he did not raise a facial challenge to the statute, his first issue is overruled. *See Holland*, 702 S.W.3d at 843.

**JURY CHARGE ERROR**

Next, Hill contends the charge to the jury on guilt/innocence confused and misled the jury and modified and expanded the allegations in the indictment, all of which caused him harm.

A claim of jury charge error is reviewed using the two-step procedure set out in *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984). First,

we review alleged charge error by determining whether error exists in the charge. *Alcoser v. State*, 663 S.W.3d 160, 165 (Tex. Crim. App. 2022). If no error exists, our analysis ends. *See Balentine v. State*, 71 S.W.3d 763, 774 (Tex. Crim. App. 2002). But if error exists, we then analyze that error for harm. *Kirsch v. State,* 357 S.W.3d 645, 649 (Tex. Crim. App. 2012).

### *Confusing and Misleading*

Hill contends the language in the jury charge derived from section 25.11(b) of the Texas Penal Code confused and misled the jury. The portion of the jury charge about which he complains provides:

> You are instructed that members of the jury are not required to agree unanimously on the specific conduct, if any, in which the Defendant engaged, if he did, that constituted an assault, if any, against a family member, a member of a household, and/or a person with whom the Defendant has or has had a dating relationship or the exact date when that conduct occurred.

He contends this language was confusing and misleading because other instructions in the jury charge required unanimity.

Hill relies on the Court of Criminal Appeals' opinion in *Ngo v. State*, 175 S.W.3d 738 (Tex. Crim. App. 2005) to support his contention. However, *Ngo* does not stand for the proposition that an instruction such as the one in this case, patterned after section 25.11(b), works to confuse or mislead a jury, especially in combination with other instructions which required unanimity. In *Ngo,* the defendant was charged with a variety of acts, all of which could

constitute the offense of credit card abuse. The Court of Criminal Appeals found jury charge error that was egregiously harmful because "the jury was never informed, in any way, by anyone, at any time, that—as a collective body—it was required to reach a unanimous verdict concerning one specific criminal act." *Id*. at 749. That is not what occurred in the case at hand, and Hill presents no other case authority to support his argument. Accordingly, this part of Hill's second issue is overruled.

### *Modified and Expanded*

Next, Hill contends that because the indictment charged that he "did then and there intentionally, knowingly, ***and*** recklessly" cause bodily injury, the trial court erred in instructing the jury to find him guilty if they found that he "did then and there intentionally, knowingly, ***or*** recklessly" cause bodily injury. (Emphasis added). Hill asserts the jury charge improperly expanded the allegations in the indictment and lessened the State's burden of proof.

The Court of Criminal Appeals has long approved the practice of pleading culpable mental states conjunctively and submitting them disjunctively whenever the statutory language is disjunctive. *Rogers v. State*, 774 S.W.2d 247, 251 (Tex. Crim. App. 1989), overruled on other grounds, *Peek v. State*, 106 S.W.3d 72, 79 (Tex. Crim. App. 2003); *Manning v. State*, 864 S.W.2d 198, 202 (Tex. App.—Waco 1993, pet. ref'd); *Cruz v. State*, 838 S.W.2d

682, 684 (Tex. App.—Houston [14th Dist.] 1992, pet. ref'd). *See Zanghetti v. State*, 618 S.W.2d 383, 386-88 (Tex. Crim. App. 1981); *Knorpp v. State*, 645 S.W.2d 892, 904 (Tex. App.—El Paso 1983, no pet.) ("conjunctive pleading of the intentional and knowing mental states . . . will support their disjunctive submission to the jury.").

The statutory language for the culpable mental states in underlying offense in this case, assault, is in the disjunctive. *See* TEX. PENAL CODE §§ 22.01(a); 25.11(a). Therefore, the trial court properly charged the requisite culpable mental states in the disjunctive rather than in the conjunctive as charged in the indictment. *See Nickerson v. State*,782 S.W.2d 887, 891 (Tex. Crim. App. 1990); *Manning*, 864 S.W.2d at 202.

The remainder of Hill's second issue is overruled.

**MODIFICATION OF JUDGMENT**

The State asserts that the trial court's judgment incorrectly reflects that the enhancement paragraph was "found not true" by the jury and requests that we modify the trial court's judgment to "speak the truth." *See* TEX. R. APP. P. 43.2(b); *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992). We agree with the State's request. Accordingly, we modify the trial court's judgment to reflect the enhancement paragraph to be "Found True" by the jury.

**CONCLUSION**

Having overruled each of Hill's issues on appeal, but having found the trial court's judgment necessitates modification, we affirm the trial court's judgment as modified.

_____
LEE HARRIS
Justice

OPINION DELIVERED and FILED:  May 21, 2026

Before Justice Smith,
      Justice Harris, and
      Senior Chief Justice Rose[1]
Affirmed
Do Not Publish
CRPM



---

[1] The Honorable Jeff Rose, Senior Chief Justice (Retired) of the Third Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court.  *See* TEX. GOV'T CODE §§ 74.003, 75.002, 75.003.