CHARLES QUESADA V. STATE.

No. 26,092.   December 3, 1952.

*Lee Mahoney,* Corpus Christi, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is robbery by assault, the punishment, seven years.

It is earnestly contended that the evidence is insufficient to support the verdict.

One Lara, the injured party, testified that on the night in question he repaired to a beer drinking establishment belonging to one De la Santos and that while seated there two Quesada brothers, whom he knew by sight, together with a third stranger, came in through the back door, ordered beer, and soon thereafter left through the same entrance. Lara testified that some few moments later he, too, left by the back door and that a short distance therefrom the assault took place; that three parties attacked him, one of them hitting him on the head, causing him to fall to the ground; that he felt someone reach in the pocket where he kept his money; and that sometime later he discovered that his money was gone.

On cross-examination, the witness was questioned as follows:

"Q. How do you know it was Charles Quesada (the appellant)? A. Because I know them.

"Q. And you looked at their faces on the outside? A. Yes, that is when they hit me, one was standing on one side, one on the other."

De la Santos corroborated that portion of Lara's testimony in which he told of the entrance and exit of the three (the Quesada brothers and a stranger) prior to Lara's departure from the tavern. The witness further recounted how he had found Lara lying in the street and had carried him to the home of Lara's sister.

We find this sufficient to identify the appellant as being present at the scene.

Appellant seems to be laboring under the impression that it was incumbent upon the state to prove that the appellant was the person who actually hit him or reached in his pocket for the money. Such a position ignores the law as to principals. Article 65 of the Penal Code enunciates six ways in which parties may act together and be principal offenders. The evidence here shows that the appellant herein either committed the assault or was acting together with those who committed the same.

Finding no reversible error, the judgment of the trial court is affirmed.