Fred Albert CHILDRESS, Appellant,

v.

The STATE of Texas, Appellee.

No. 14-94-00592-CR.

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 29, 1996.

Lott J. Brooks, III, Houston, for appellant.

Linda A. West, Houston, for appellee.

Before MURPHY, C.J., and AMIDEI and ANDERSON, JJ.

## OPINION

AMIDEI, Justice.

This is an appeal from a jury conviction of robbery. Appellant, Fred Albert Childress, was sentenced by the trial court to thirty years imprisonment, enhanced by one prior felony conviction. Appellant claims, in six points of error, that the evidence is insufficient to sustain the conviction. We affirm.

On the morning of September 1, 1993, Alfreda Hendry, the victim, was waiting for a bus to go to work in Houston. Appellant and Thomas Lavergn were standing by the bus stop shelter talking to each other. Lavergn asked appellant, "What are you going to do man?" Appellant answered, "[l]et's go for it." Appellant then grabbed Ms. Hendry's right arm and forced it behind her back. He told Lavergn, "[l]et's go on and do what we were going to do." Ms. Hendry felt something sharp stick her in her side. Ms. Hendry testified to being frightened and thought appellant had a knife. Appellant told her to move and she walked behind the bus booth. Appellant knocked her to the ground with his fists, sat on her stomach, and tore her blouse open and fondled her breasts. Ms. Hendry was flailing her arms at appellant trying to keep him away. While appellant was sitting on Ms. Hendry, Lavergn went through her duffel bag and took her purse. A third man raised Ms. Hendry's skirt and tried to pull her pantyhose off and "groped at her chest." Ms. Hendry was kicking and screaming for help and trying to get appellant and the third man off of her. The third man saw the bus coming and warned appellant and Lavergn, "[h]ere comes the bus." Appellant, and the third man then ran away. Lavergn hit Ms. Hendry in the head, snatched a necklace from around her neck, and ran away with the necklace, duffel bag and purse. Ms. Hendry was bruised about her body as a result of the blows to her by appellant and Lavergn.

Appellant testified that he was at his girlfriend's apartment at the time of the robbery. Detective Marvin Ledet, Houston police, investigated the offense and obtained a confession from Thomas Lavergn, in which the third man was identified as Marcus Holiday.

In points one, two, and three, appellant complains that the evidence is insufficient to support his conviction under the jury charge as either a primary actor or a party. He argues the application paragraph of the jury charge shows that "Thomas Lavergn and others unknown" committed all the elements of the offense of robbery when there was no evidence showing that Lavergn and the unknown others participated in the assault. Likewise, the application paragraph provides that appellant committed theft when there was no evidence that appellant was involved in the theft.

■■■ Evidentiary sufficiency is measured against the charge that was actually given to the jury. *Thomas v. State*, 832 S.W.2d 47, 51 (Tex.Crim.App.1992). When reviewing the sufficiency of the evidence, the appellate court will look at all the evidence in the light most favorable to the verdict or judgment. *Garrett v. State*, 851 S.W.2d 853, 857 (Tex. Crim.App.1993); *Houston v. State*, 663 S.W.2d 455, 456 (Tex.Crim.App.1984) The conviction will be affirmed if review indicates that any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Ransom v. State*, 789 S.W.2d 572, 577 (Tex.Crim.App.1989), *cert. denied*, 497 U.S. 1010, 110 S.Ct. 3255, 111 L.Ed.2d 765 (1990). In conducting this review, the appellate court is not to re-evaluate the weight and credibility of the evidence, but act only to ensure the jury reached a rational decision. *Muniz v. State*, 851 S.W.2d 238, 246 (Tex.Crim.App.1993); *Moreno v. State*, 755 S.W.2d 866, 867 (Tex.Crim. App.1988).

■■■ The court's charge correctly applied the law of parties to the facts of this case in the application paragraph. The jury was authorized to convict if they found that appellant was criminally responsible for the acts of Lavergn and unknown others, i.e., with intent to promote and assist the commission of the offense, he solicited, encouraged, directed, aided, and attempted to aid Lavergn and unknown others in the commission of the offense. The Texas Court of Criminal Appeals has held that for the jury to be authorized to convict one as a party, the law of parties must be incorporated within the application paragraph of the jury charge. *Biggins v. State*, 824 S.W.2d 179 (Tex.Crim.App.1992), *reaffirming Jones v. State*, 815 S.W.2d 667 (Tex.Crim.App.1991) and *Walker v. State*, 823 S.W.2d 247 (Tex. Crim.App.1991).

The application paragraph of the court's charge provided:

Now, if you find from the evidence beyond a reasonable doubt that on or about the 1st day of September, 1993, in Harris County, Texas, the defendant, Fred Albert Childress, did then and there unlawfully, while in the course of committing theft of property owned by Alfreda Gail Hendry and with intent to obtain or maintain control of the property, intentionally or knowingly threaten or place Alfreda Gail Hendry in fear of imminent bodily injury or death; or if you find from the evidence beyond a reasonable doubt that on or about the 1st day of September, 1993, in Harris County, Texas, Thomas Lavergn and others unknown did then and there unlawfully, while in the course of committing theft of property owned by Alfreda Gail Hendry and with intent to obtain or maintain control of the property, intentionally and knowingly threaten or place Alfreda Gail Hendry in fear of imminent bodily injury or death, and that the defendant, Fred Albert Childress, with the intent to promote or assist the commission of the offense, if any, solicited, encouraged, directed, aided or attempted to aid Thomas Lavergn and others unknown to commit the offense, if he did, then you will find the defendant guilty of robbery.

Appellant's argument is that because the charge provided that Thomas Lavergn and others unknown committed all of the elements of the offense of robbery, the evidence

is insufficient because there is no proof that Lavergn took part in the assault on the victim. He cites *Thomas, Stephens* and *Benson* as authority.[1] Appellant contends that these cases hold that when the State fails to object to a court's charge which increases its burden of proof, it must assume the burden of proving up that facts as directed by the charge. We disagree.

Article 7.01 of the Texas Penal Code (Vernon 1974), provides in pertinent part:

> (b) Each party to an offense may be charged with commission of the offense.
>
> (c) All traditional distinctions between accomplices and principals are abolished by this section, and each party of an offense may be charged and convicted without alleging that he acted as a principal or accomplice.

In *Pitts v. State*, 569 S.W.2d 898, 900 (Tex.Crim.App.1978), the court stated in part:

> V.T.C.A. Penal Code, Sec. 7.01(c) now plainly requires that we hold a party of an offense may be charged with the offense without alleging the facts which make the defendant a party to the offense and criminally responsible for the conduct of another. If the evidence supports a charge on the law of parties, as it does here, the court may charge on the law of parties even though there is no such allegation in the indictment.

*Igo v. State*, 723 S.W.2d 290 (Tex.App.—Fort Worth 1987, pet. ref'd), was a similar case to the one at bar. Appellant and an unknown male were seen descending the stairs of an apartment building by the complaining witness who watched the two men carrying his stereo and other items to a car. The police apprehended the appellant, but never found the second man. The indictment paragraph charged that appellant had "personally" entered the apartment. The court found the facts presented at trial showed that appellant acted in concert with another person. The facts also showed a burglary had been committed, the appellant had been seen leaving the premises with property from the apartment, and two men were seen loading the property into a car driven by the appellant. The court stated:

> The facts clearly indicate that the crime as charged was committed by one of the two individuals. These facts also are sufficient to raise an issue regarding the law of parties under section 7.01 [Texas Penal Code]. We therefore hold that the charge relating to the law of parties was properly submitted to the jury and did not constitute a theory not alleged in the indictment.

\*　　\*　　\*　　\*　　\*　　\*

The State must prove either of two situations. First, the State may prove that the appellant committed the crime as alleged. Second, the State may prove that the crime was committed as alleged *by someone* and that the appellant is criminally responsible for that person's conduct. Appellant may be convicted of "personally" entering the apartment even though he did not do so because as a matter of law he is as responsible for the crime under section 7.01 as is his cohort.

■ The test of whether appellant was a party to the robbery offense and bore criminal responsibility therefor is whether the circumstances sufficiently established that appellant, acting with the intent to assist or promote the robbery, committed acts that encouraged, directed, aided, or attempted to aid Thomas Lavergn and "others unknown" in their commission of the offense. In determining whether an individual is a party to an offense the court may look to events before, during and after the commission of the offense, and circumstantial evidence may be sufficient to show that one is a party to the offense. *Morrison v. State*, 608 S.W.2d 233, 234 (Tex.Crim.App.1980).

■ The application portion of the jury charge in this case provides, in pertinent part: "Thomas Lavergn and others unknown did [commit robbery] *and* appellant with *the intent to promote or assist* the commission of the offense ... aided ... Thomas Lavergn *and others unknown to commit the offense.*" The appellant, Lavergn and Marcus Holiday

---

1. *Thomas v. State,* 832 S.W.2d 47 (Tex.Crim.App. 1992); *Stephens v. State,* 717 S.W.2d 338 (Tex. Crim.App.1986); *Benson v. State,* 661 S.W.2d 708 (Tex.Crim.App.1982).

were acting together to rob Ms. Hendry. Thus, all three were parties and criminally responsible for the conduct of each other in their joint action. The court properly applied the law of parties to the facts of the case in the application paragraph and the evidence is sufficient to show robbery by appellant as a party. *See Johnson v. State,* 739 S.W.2d 299 (Tex.Crim.App.1987); *McCuin v. State,* 505 S.W.2d 827 (Tex.Crim. App.1974); *Quesada v. State,* 158 Tex.Crim. 43, 253 S.W.2d 48 (1952). We overrule appellant's points of error one, two and three.

In points of error four and five, appellant complains that by setting out the law of parties in the jury charge in the conjunctive, i.e., that Thomas Lavergn *and others* committed robbery, the State had to prove both of them committed each element of the offense. Appellant says the record fails to show any third person committed robbery. He cites *Warren v. State,* 810 S.W.2d 202 (Tex.Crim.App.1991) and *Nickerson v. State,* 782 S.W.2d 887 (Tex.Crim.App.1990) as authority. *Warren* involved a jury instruction in a theft case that required a jury finding that appellant took the "watch, chain, money *and pants.*" By failing to object to the charge, the State assumed the burden of proving that the defendant appropriated all of the listed items. The conviction was reversed because the State did not prove that appellant intended to appropriate the pants. *Nickerson* also involved a jury instruction that increased the State's burden of proof. The State failed to object to a jury charge requiring proof that Nickerson passed a forged prescription as the primary actor *and* as a party to "aid and assist others." The court in *Nickerson* stated "[i]n the second application paragraph, the charge lists the allegations (of appellant as primary actor, and appellant as a party) in the conjunctive, burdening the State to prove *both* the actual presentation of the forged writing by the appellant *as well* as appellant's participation as a party." 782 S.W.2d at 891. The court in *Nickerson* found the evidence was insufficient to sustain the conviction because the State failed to prove Nickerson had passed the forged prescription. *Id.* at 891–92.

In the instant case, the jury charge instructs the jury to find appellant guilty if they find that appellant aided or attempted to aid Thomas Lavergn *and* others unknown. Appellant argues that *Nickerson* and *Warren* require the State to prove that appellant aided Thomas Lavergn and others unknown and there was no evidence of third person.

The record clearly shows that Ms. Hendry testified that, while she was being assaulted by appellant, a third man ran his hand up her skirt, tried to pull her pantyhose off, and also groped at her chest. The record reveals the third man saw the bus coming and told appellant, "[h]ere comes the bus," and ran away. When the third man ran off, Lavergn came up and helped the victim to her feet, hit her, ripped the necklace off her neck and fled with her duffel bag, purse, and necklace. Appellant also fled the scene at the same time. The third unknown man was later identified in Lavergn's confession to Detective Ledet as Marcus Holiday.

The fact that the charge referred to "others unknown" is immaterial. The only relevant inquiry for the jury was whether others committed the offense charged in the case and was appellant criminally responsible for their action. *Gordon v. State,* 714 S.W.2d 76 (Tex.App.—San Antonio 1986, no writ), *citing Reid v. State,* 57 S.W. 662, 664 (Tex.Crim. App.1900) and *Galvan v. State,* 598 S.W.2d 624, 629 (Tex.Crim.App.1979).

We find the evidence is sufficient to show that a third man was present and was also a party by participating in the assault on the victim. Appellant's points of error four and five are overruled.

Appellant claims in point of error number six, the evidence was insufficient to sustain appellant's conviction, because the State failed to prove that Ms. Hendry was threatened or placed in fear of bodily injury or death.

Ms. Hendry testified to numerous bruises about her body as a result of the assault on her by appellant, Lavergn, and Marcus Holiday. She further testified that she was afraid, crying and "so frightened" she "just stood there" and could not say anything.

The fact-finder may conclude that an individual was "placed in fear," in circumstances where no actual (verbal) threats were conveyed by the accused. *Williams v. State,* 827 S.W.2d 614, 616 (Tex.App.—Houston [1st Dist.] 1992, pet. ref'd). It is indisputed that appellant assaulted Ms. Hendry, threw her to the ground, hit her several times with his fist, and groped at her breasts. Lavergn hit her in the face with his fist and tore her necklace off. Marcus Holiday reached up her skirt, tried to pull her pantyhose off, and also groped her breasts. Similar evidence has been held to be sufficient to support the jury's finding that the complainant was put in fear of imminent bodily injury or death. *Crawford v. State,* 509 S.W.2d 582 (Tex.Crim. App.1974); *Furgison v. State,* 800 S.W.2d 587 (Tex.App.—Houston [14th Dist.] pet. ref'd 1990). Point of error number six is overruled.

The judgment of the trial court is affirmed.