NO. 07-07-0466-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JANUARY 10, 2008

______________________________


RAMON SANCHEZ, 

                                                                                      Appellant

v.

THE STATE OF TEXAS,

                                                                                                 Appellee

_________________________________

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2007-417,577; HON. BRADLEY S. UNDERWOOD, PRESIDING

_______________________________
 
Abatement and Remand

_______________________________

Before QUINN, C.J., and CAMPELL and PIRTLE, JJ.
          Ramon Sanchez (appellant) filed a notice of appeal from his conviction for
possession of a controlled substance with intent to deliver on October 30, 2007. On
November 12, 2007, the trial court filed its certification representing that appellant has the
right of appeal. However, the appellate record reflects that appellant failed to sign the
certification pursuant to Texas Rule of Appellate Procedure 25.2(d) which requires the
certification to be signed by appellant and a copy served on him.



          Consequently, we abate the appeal and remand the cause to the 364th District Court
of Lubbock County (trial court) for further proceedings. Upon remand, the trial court shall
take such action necessary to secure and file with this court a certificate of right to appeal
that complies with Texas Rule of Appellate Procedure 25.2(d) by February 11, 2008. 
Should additional time be needed to perform these tasks, the trial court may request same
on or before February 11, 2008.
          It is so ordered.
                                                                           Per Curiam
Do not publish. 
 
 



ht: 0.416667in; margin-bottom: 0.104167in">          Evidence showed that appellant entered a Walgreens store and, after a time,
walked behind a counter. A female employee told appellant he was not permitted in that
area. Appellant then squatted down, placed one of his hands inside his jacket pocket and
pointed at the victim through his jacket pocket. He opened a glass case and removed four
cartons of cigarettes. He placed the cartons in his jacket and left the store. 
          After hearing the evidence presented at trial, the jury found appellant guilty of
robbery. Appellant plead “true” to the two enhancement offenses set forth in the
indictment. The jury assessed punishment at twenty-five years of imprisonment in the
Institutional Division of the Texas Department of Criminal Justice. The court sentenced
appellant accordingly and this appeal followed. 
 
 
Analysis
Sufficiency of Evidence
            In appellant’s first two points of error, he contends the evidence was legally and
factually insufficient to support his conviction. Appellant was charged pursuant to Penal
Code § 29.02(a)(2), which provides a person commits an offense if, in the course of
committing theft as defined in Chapter 31 and with intent to obtain or maintain control of
the property, he intentionally or knowingly threatens or places another in fear of imminent
bodily injury or death. Tex. Penal Code Ann. § 29.02(a)(2) (Vernon 2003). Appellant
concedes that he committed a theft;


 however, he denies taking any action that would
threaten the victim or put the victim in fear. 
          To prove the offense of robbery as charged, there must have been threatened
violence to the victim, or intimidation of such a nature that the threatened party was put in
fear. See Green v. State, 567 S.W.2d 211, 213 (Tex.Crim.App.1978). The victim's fear
may not arise merely from some temperamental timidity, but must result from some
conduct of the perpetrator. Devine v. State, 786 S.W.2d 268, 271 (Tex.Crim.App.1989).
The fear must be of such a nature as in reason and common experience is likely to induce
a person to part with his property against his will. Id. at 270. The threat or conduct placing
another in fear must be of imminent bodily injury, that is “ready to take place, near at hand,
... menacingly near.” Id. (citations omitted). However, proving robbery by showing the
defendant placed another in fear does not require an actual threat. See Childress v. State,
917 S.W.2d 489, 494 (Tex.App.–Houston [14th Dist.] 1996, no pet.) (“The fact-finder may
conclude that an individual was ‘placed in fear,’ in circumstances where no actual (verbal)
threats were conveyed by the accused”); Williams v. State, 827 S.W.2d 614, 616
(Tex.App.–Houston [1st Dist.] 1992, pet. ref'd) (noting that a fact finder can determine that
an individual perceived fear when accused made no actual threats). Instead, it is sufficient
that the alleged robber engage in some conduct that places another in fear of imminent
bodily injury or death. Burton v. State, 230 S.W.3d 846, 852-53 (Tex.App.–Houston [14th
Dist.] 2007, no pet.). Thus, when evaluating the sufficiency of the evidence a defendant
intentionally or knowingly threatened or placed the victim in fear of imminent bodily injury
or death, we apply an objective standard, asking whether “the words and conduct of the
accused were sufficient to place a reasonable person in the victim's circumstances in fear
of imminent bodily injury or death.” Welch v. State, 880 S.W.2d 225, 226 (Tex.App.–
Austin 1994, no pet.); see Wilmeth v. State, 808 S.W.2d 703, 706 (Tex.App.–Tyler 1991,
no pet.) (determining whether defendant's conduct was such that in “reason and common
experience” the victim would feel fear and be likely to part with property against his will).
Legal Sufficiency
           In reviewing issues of legal sufficiency, an appellate court views the evidence in the
light most favorable to the verdict to determine whether, based on that evidence and
reasonable inference therefrom, a rational jury could have found each element of the
offense beyond a reasonable doubt. Swearingen v. State, 101 S.W.3d 89, 95
(Tex.Crim.App. 2003); Conner v. State, 67 S.W.3d 192, 197 (Tex.Crim.App. 2001), citing
Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). If, given all
of the evidence, a rational jury would necessarily entertain a reasonable doubt of the
defendant’s guilt, due process requires that we reverse and order a judgment of acquittal. 
Swearingen, 101 S.W.3d at 95, citing Narvaiz v. State, 840 S.W.2d 415, 423
(Tex.Crim.App. 1992), cert. denied, 507 U.S. 975,113 S.Ct. 1422, 122 L.Ed.2d 791 (1993). 
 Factual Sufficiency
            A factual sufficiency review considers whether the evidence supporting guilt,
though legally sufficient, is so weak that the jury’s verdict seems clearly wrong and
manifestly unjust, or evidence contrary to the verdict is such that the jury’s verdict is against
the great weight and preponderance of the evidence. Grotti v. State, 273 S.W.3d 273, 283
(Tex.Crim.App. 2008); Marshall v. State, 210 S.W.3d 618, 625 (Tex.Crim.App. 2006);
Watson v. State, 204 S.W.3d 404, 414-15 (Tex.Crim.App. 2006). In a factual sufficiency
review, we consider all the evidence, but in a neutral light. Grotti v. State, 273 S.W.3d 273,
283 (Tex.Crim.App. 2008); Marshall, 210 S.W.3d at 625; Watson, 204 S.W.3d at 414. Application
          Appellant concedes he committed theft of the cigarettes. Likewise, it is undisputed
the victim was frightened at the time of the incident. The victim testified she “was very
scared” because she thought he had “a gun or something” inside his jacket pocket. The
victim testified her belief was supported by her experience in a previous robbery several
years earlier. The responding officer and the store manager also testified to the victim’s
fright. Our inquiry here, then, is whether the evidence presented at trial was factually and
legally sufficient to support the jury’s finding that during the course of the theft, appellant
knowingly or intentionally threatened or placed the victim in fear of imminent bodily injury
or death. In essence, appellant’s contention is that his actions were not sufficient to give
a reasonable person such fear. 
          Appellant contends he made no threatening gestures toward the victim, he did not
speak to or look at her, or move closer than eight to ten feet from her. He also emphasizes
one of the statements the victim provided police, in which she stated, “the only reason I
believe he had a weapon was because I had gotten held up a couple years ago . . . and
that man did hold a gun in his jacket.”
           We find the jury rationally could have considered appellant’s actions to be
threatening toward the victim. The victim was at the cash register, at the closed end of the
counter. Appellant was near the open end of the counter. The victim testified that
appellant placed his hand in his jacket and pointed at her with his hand in his pocket when
she told him, “you can’t be back here.” She agreed with the prosecutor that he kept the
pocket pointed in her direction while he removed the cigarette cartons from the display
case. She testified, “when he put his hand in his pocket, to me, it was like he had
something in his pocket.” Under these circumstances, that the victim’s belief was
influenced by her previous experience in which a robber did have a gun in his pocket does
not detract from the reasonableness of her fear. Too, contrary to appellant’s contention,
the victim said he looked at her during these events. We find the evidence was legally and
factually sufficient to support appellant’s conviction, and overrule appellant’s first two points
of error.
Court’s Refusal of Appellant’s Requested Jury Instruction
          In appellant’s last point of error, he challenges the trial court’s denial of his
requested instruction. The trial court is required to give the jury a written charge “setting
forth the law applicable to the case; not expressing any opinion as to the weight of the
evidence, not summing up the testimony, discussing the facts or using any argument in his
charge calculated to arouse the sympathy or excite the passions of the jury.” Tex. Code
Crim. Proc. Ann. art. 36.14 (Vernon 2006). Error in a criminal jury charge is reviewed
under Code of Criminal Procedure Article 36.19. See Tex. Code Crim. Proc. Ann. art.
36.19 (Vernon 2006). In analyzing a jury charge complaint, we first determine whether
error exists in the charge and if so, whether sufficient harm resulted from the error to
compel reversal. Ngo v. State, 175 S.W.3d 738, 743-44 (Tex.Crim.App. 2005). Where an
objection has been made, reversal is required if the error is “calculated to injure the rights
of defendant.” Id.; Guevara v. State, 152 S.W.3d 45 (Tex.Crim.App. 2004); Almanza v.
State, 686 S.W.2d 157, 171 (Tex.Crim.App. 1984). If a defendant does not object to the
charge, reversal is required only if the harm is so egregious the defendant has not had a
fair and impartial trial. Ngo, 175 S.W.3d at 743-44.
 
           At the charge conference, appellant requested the inclusion of the following
instruction: “You are not to consider sympathy, bias, or prejudice as part of your
deliberations, nor are you to refer to or discuss any matter not in evidence before you.” 
The trial court denied appellant’s request


 and submitted the instruction that “[i]n
deliberating on the cause you are not to refer to or discuss any matter or issue not in
evidence before you.” The latter portion of appellant’s requested charge thus was
duplicative of the language contained in the charge submitted to the jury. 
          Appellant contends that his requested instruction was necessary to prevent the jury
from considering what he characterizes as the victim’s “extreme emotional reaction” to her
encounter with appellant in the Walgreens and to her memories of the previous robbery. 
However, appellant’s requested instruction did not identify the victim’s testimony
concerning the prior robbery and instead, vaguely requested that the jury not consider
sympathy, bias, or prejudice in their deliberations. Further, even if appellant’s requested
instruction had been included in the court’s charge, it would not have prevented the jury
from considering the victim’s testimony concerning her previous experience as a robbery
victim.
          Finally, appellant did not object to the victim’s testimony regarding her previous
experience, nor did he request a limiting instruction at the time the evidence was admitted. 
As a result, the evidence was admitted for all purposes and appellant was not
subsequently entitled to a jury instruction limiting the jury’s consideration of that evidence. 
Hammock v. State, 46 S.W.3d 889, 895 (Tex.Crim.App. 2001). The trial court did not err
by refusing appellant’s requested instruction. We overrule his last point of error.
           Having overruled appellant’s points of error, we affirm the judgment of the trial court.
 
                                                                                      James T. Campbell

                                                                                                Justice

 
 
 
 
 
Do not publish.