NO. 07-08-00298-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



MAY
28, 2010

 



 

JAMES RAY BARROW, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 242ND DISTRICT COURT OF SWISHER
COUNTY;

 

NO. B4148-0710; HONORABLE EDWARD LEE SELF, JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

Appellant James Ray Barrow appeals
from his jury conviction of the offense of robbery and the resulting sentence
of ten years imprisonment in the Institutional Division of the Texas Department
of Criminal Justice.  Through two issues,
appellant contends the evidence is legally and factually insufficient to
support his conviction.  Finding the
evidence sufficient, we affirm the judgment of the trial court.

 

 

Background

Appellant was charged by an
indictment alleging he committed robbery by intentionally or knowingly
threatening or placing his victim in fear of imminent bodily injury or death.[1]  After his not-guilty plea, the State
presented its case through four witnesses. 
The defense cross-examined each of the State=s witnesses and presented two defense
witnesses, including appellant.  

Evidence showed that at around 10:00
on the night of September 3, 2007, two teenage males visited a convenience
store in Tulia, Texas.  They arrived at
the store in the driver=s pick-up truck and as they parked,
appellant, a man in his late thirties, approached the passenger side of the
truck, opened the door, and asked for money. 
Appellant then offered to give the boys a gold pendulum chain in
exchange for money.  The complainants
told appellant they did not have any money.

The driver of the pick-up truck
decided to move to another parking space because he was Areally scared.@ 
The passenger testified the driver moved Abecause [they] were scared...[b]ecause someone opened my door I didn=t know.  I didn=t know if he was going to hurt me orByou know, just opened the door
without asking or anything; just opened the door.@  As the driver
prepared to pull into another space, appellant said, AI=ll just get in.  I=ll just get in.@ 
Appellant Agot on top of [the passenger=s] lap….” The passenger testified
appellant had his hand in his sweater[2]
Aand I didn=t know if he may have had a weapon,
if I was going to get hurt orBI didn=t know what was happening, because he
jumped in.@ 
The driver testified he Awas really pretty scared because I didn=t want somebody I didn=t know in my pickup.@ 
The driver also testified he believed Aa little bit@ that appellant could hurt him.  

Appellant then asked the driver and
passenger for cigarettes, which they told him they did not have.  Appellant asked again for money but the
complainants again told them they had none. 
In response, as appellant opened the door of the truck, he reached over
to the console of the truck and took three dollars that were in the cup
holder.  He got out of the truck and
left. The passenger closed the door of the pick-up truck and they left Abecause we were scared.  We didn=t want to stay there.@ 


The driver took the passenger to a
nearby friend=s house.  About five to ten minutes after the incident,
the passenger complainant observed appellant on the street near the home.  He told his friend Athat=s the guy.@ His friend identified him as
appellant, calling him ABaby James.@ 
The passenger then talked to the driver of the pick-up truck and the
boys went to the police department.  The
complainants provided written statements and identified appellant in a line-up.

The defense provided evidence to show
appellant did not intend to commit theft but merely asked the complainants if
they had any money he could borrow.  He
also testified he offered to sell a necklace to the boys in exchange for ten
dollars.  He further contended the driver
offered him the three dollars.

After hearing the evidence presented,
the jury found appellant guilty of robbery and sentenced him to imprisonment
for a term of ten years.  This appeal
followed.

Analysis








Through two issues, appellant
challenges the legal and factual sufficiency of the evidence to support his
conviction for robbery.  He argues that
at most he is guilty only of misdemeanor theft.[3]

Applicable Law

 Reviewing its legal sufficiency, we view the
evidence in the light most favorable to the verdict to determine whether, based
on that evidence and reasonable inferences therefrom,
a rational jury could have found each element of the offense beyond a
reasonable doubt.  Swearingen v.
State, 101 S.W.3d 89, 95 (Tex.Crim.App. 2003); Conner
v. State, 67 S.W.3d 192, 197 (Tex.Crim.App.
2001), citing Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).  If, given all of the evidence, a rational
jury would necessarily entertain a reasonable doubt of the defendant=s guilt, due process requires that we
reverse and order a judgment of acquittal. 
Swearingen, 101 S.W.3d at 95, citing Narvaiz
v. State, 840 S.W.2d 415, 423 (Tex.Crim.App. 1992),
cert. denied, 507 U.S. 975,113 S.Ct. 1422, 122
L.Ed.2d 791 (1993).  

A factual sufficiency review of the
evidence is Abarely distinguishable@ from the legal sufficiency review
under Jackson v. Virginia.  Marshall v. State, 210 S.W.3d 618, 625 (Tex.Crim.App.
2006). A factual sufficiency review considers whether the evidence
supporting guilt, though legally sufficient, is so weak that the jury=s verdict seems clearly wrong and
manifestly unjust, or evidence contrary to the verdict is such that the jury=s verdict is against the great weight
and preponderance of the evidence.  Id.; Watson v. State, 204 S.W.3d 404, 414-15 (Tex.Crim.App. 2006); Johnson v. State, 23 S.W.3d 1,
11 (Tex.Crim.App. 2000).  In a factual sufficiency review, we again
consider all the evidence, but now in a neutral light.  Marshall, 210 S.W.3d
at 625; Watson, 204 S.W.3d at 414.  We must also
discuss the evidence that,
according to the appellant, most undermines the jury's
verdict. Laster v. State, 275 S.W.3d 512,
518 (Tex.Crim.App. 2009); Sims v. State, 99
S.W.3d 600, 603 (Tex.Crim.App. 2003).
The jury is the
exclusive judge of the credibility of witnesses and of the weight to be given
their testimony. Wyatt v. State, 23
S.W.3d 18, 30 (Tex.Crim.App. 2000) (citing Barnes v. State, 876
S.W.2d 316, 321 (Tex.Crim.App. 1994)). Likewise,
"reconciliation of conflicts in the evidence is within the exclusive
province of the jury." Wyatt, 23 S.W.3d at 30 (citing Losada v. State, 721
S.W.2d 305, 309 (Tex.Crim.App. 1986)). The jury may choose to believe some testimony
and disbelieve other testimony, Wyatt, 23 S.W.3d at 30. 

As pertinent here, a person commits
robbery Aif, in the course of committing theft
. . . and with intent to obtain or maintain control of the property, he . . .
intentionally or knowingly threatens or places another in fear of imminent
bodily injury or death.@ 
Tex. Penal Code Ann. ' 29.02(a)(2)
(Vernon 2003).  A person commits the
offense of theft if he unlawfully appropriates property with intent to deprive
the owner of property.  Tex. Penal Code Ann. ' 31.03
(Vernon 2007).  Proving robbery by
showing the defendant placed another in fear does not require an actual
threat.  Burton v.
State, 230 S.W.3d 846, 852 (Tex.App.BHouston [14th Dist.] 2007,
no pet.), citing Childress v. State, 917 S.W.2d 489, 494 (Tex.App.BHouston [14th
Dist.] 1996, no pet.) (A[t]he fact-finder may conclude that
an individual was >placed in fear= in circumstances where no actual
(verbal) threats were conveyed by the accused@).  Under the Aplaced in fear@ language in section 29.02 of the
Penal Code, the factfinder may conclude that an
individual perceived fear or was Aplaced in fear,@ in circumstances where no actual threats were conveyed by
the accused.  Williams
v. State, 827 S.W.2d 614, 616 (Tex.App.BHouston [1st Dist.] 1992,
pet. ref=d).

Application

Appellant argues the evidence
presented at trial was insufficient to prove he was guilty of robbery because
the complainants were not placed in fear and because the State did not prove
appellant intended to, or knew his conduct would, place the complainants in
fear.  We disagree.

First, appellant argues the evidence
did not show the complainants were placed in fear.  However, each complainant here testified they
were scared when appellant, a man they did not know, opened the door, asked for
money, and jumped into the truck.  The
passenger testified he was afraid appellant had a gun because his hand was in
his pocket.[4]
The driver testified similarly. 
Both complainants testified they were scared of being hurt by
appellant.  The driver testified he was Areally scared@ because he Adidn=t know what [appellant] was going to
do, what he had on him, you know. Maybe I felt a little threatened.@ 
Appellant was Areally, really persistent@ about asking for money and was Akind of not going to let us leave.@ 
The driver testified the three dollars appellant took out of the cup
holder in the console of the truck belonged to him and he did not give
appellant permission to take it.  The
three dollars were never returned to him. 


On appeal, appellant refers us to
specific testimony he argues supports his contention that the evidence is
insufficient to support the complainants were placed in fear:

Q.  (by defense counsel):   And
isn=t it true, [passenger], that [appellant] never made
any threat to harm you or [driver]?

A.  (by passenger):               No,
sir.

Q.                                            That=s not
true, or that is true?

A.                                            That
is true, that he did not ever....@

***








Q.  (by defense counsel)    Now,
did [appellant] ever say anything to you or to [passenger] to give you the idea
that he would do something to you if you didn=t give
him any money?

A.  (by driver)                         No,
sir.

***

Q.                                            And
did he ever act like heBdid he make any overt or any
direct acts like he was wanting to hurt either you or [passenger]?

A.                                            No,
sir.

Q.                                            Did
he say anything like, you know, AGuys, if you don=t give me some money, I=m going to take you out in the parking lot and beat the
snot out of you@?

A.                                            No,
sir.








Q.                                            Did
he make any statements of any kind that wouldBthat you would take as a threat?

A.                                            No,
sir.

 

Appellant further argues that the
State=s evidence of the driver complainant=s emotions, ranging from feeling a Alittle threatened@ to being a Alittle bit@ afraid of imminent bodily injury is
not legally sufficient evidence he was placed in fear of robbery.  We nevertheless find the jury reasonably
could have found, based on the complainant’s testimony, the complainants were
placed in fear.

Appellant also argues there is no
evidence to support the jury=s implicit finding appellant intended
by his conduct to put the driver complainant in fear of imminent bodily injury
to induce him to part with his money.  He
testified he took a walk that evening after having an argument with his
wife.  He acknowledged having the chain
necklace in his pocket and approaching the complainants.  He said he saw the passenger get out of the
truck and asked for money.  He stated AI have a nice necklace on me maybe
one of you young guys would like to have.@  He asked for ten
dollars in exchange for the necklace, which he said he believed was worth
eighty or ninety dollars.  The passenger
told appellant he did not have any money but took the necklace and asked the
driver if he wanted to buy it.  The
driver told the passenger he had only three dollars. The passenger returned the
necklace to appellant.  The driver then
offered appellant the three dollars he had in the truck. Appellant testified he
never threatened the complainants, never intended to take anything from them,
and never got into the pick-up.  He also
testified he thanked the boys for the money when he saw them at a nearby house.  He crossed the street and waved Ahello@ to them and the passenger=s friend said hello, referring to appellant as ABaby James.@

In making his argument that he did
not intentionally or knowingly act in a way to place the complainants in fear,
appellant also points to the driver complainant=s testimony agreeing that no harm was done to either
complainant, no aggressive movements were made by appellant to them, and
appellant gave them no Amean looks.@ 
During redirect, however, the driver agreed with the prosecutor
that opening the truck door uninvited and jumping in
on the passenger=s lap were
aggressive movements.  








As noted, the jury was
free to believe the complainants’ version of the events rather than
appellant’s.  Wyatt, 23 S.W.3d at 30;
Chambers, 805 S.W.2d at
461. From the testimony the jury heard, we conclude the jury could have
inferred from appellant’s conduct that he intended to, or knew his conduct
would, place the complainants in fear.  See Hernandez v. State, 819 S.W.2d 806, 810 (Tex.Crim.App.
1991);  Beltran v. State, 593
S.W.2d 688, 689 (Tex.Crim.App. 1980); Dominguez v. State, 125 S.W.3d 755, 761 (Tex.App.—Houston
[1st Dist.] 2003, pet. ref’d) (a jury may infer
intent from any facts that tend to prove its existence, such as the acts,
words, and conduct of the defendant).

            Viewing
the evidence in the light most favorable to the verdict, we find the evidence
is legally sufficient to establish appellant intentionally or knowingly acted
in such a way to place the complainants in fear.  The evidence is likewise legally sufficient
to show the complainants were placed in fear. 
Viewing all the evidence in a neutral light, we conclude the proof of
appellant’s guilt is also neither so obviously weak as to undermine confidence
in the jury’s determination, nor such that it is greatly outweighed by contrary
proof.  The evidence is factually
sufficient.

We overrule appellant=s issues and affirm the trial court=s judgment.

                                                                                                

 

 

James T. Campbell

                                                                                                            Justice

Do not publish.











[1]
See Tex. Penal Code
Ann. ' 26.02(a)(2) (Vernon 2003).   






[2] 
The
passenger later testified appellant was wearing Aa little hoodie@ with Alittle pockets.@  





[3]
The court’s charge to the jury included
an instruction on the lesser-included offense of misdemeanor theft.





[4]
At trial, the defense examined
a police officer to establish that when the officer saw appellant that night,
he was wearing plaid shorts and a Ablack sleeveless-type undershirt@ but was not wearing a hoodie.  He further
established that the shirt appellant was wearing did not have pockets that the
officer saw.