

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-10-00015-CR

DAVID AYALA                                                          APPELLANT

V.

THE STATE OF TEXAS                                                         STATE

------------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

## I. Introduction

In one point, Appellant David Ayala appeals his conviction for robbery. We affirm.

------------

[1]*See* Tex. R. App. P. 47.4.

## II. Factual and Procedural History

While driving in Fort Worth, Maria Gonzales, who had her three-year-old daughter with her, noticed four Hispanic males in a Kia "turning around and looking at her." As Gonzales sat at a stoplight, she saw the men jump from the Kia and "com[e] at her." One of the men reached into her car through the partially open window, rolled the window all the way down, unlocked and opened the door, struck Gonzales in the face, ordered, "Give me your shit, bitch" and attempted to pull her from the car. Fearing for her daughter's safety, Gonzales stepped on the gas and sped away. After the incident, Gonzales told Fort Worth Police Officer Tammy Robinson that her brother's childhood friend, "David," was one of the men in the Kia. Gonzales later identified Ayala in a photo lineup.

At trial, Officer Robinson testified that on the night of the incident, Gonzales's left cheek was red and swollen and both Gonzales and her daughter were upset and appeared to have been crying. Officer J.G. Wilson testified that on the night of the incident, he dusted Gonzales's car for fingerprints and obtained "ten lifts"[2] from the driver's side of the car. Tammy McLean, a latent print examiner employed by the Fort Worth Police Department, testified that a mathematically-based computerized analysis identified Ayala as the strongest possible match to the fingerprints lifted from Gonzales's car and that she

---

[2]A "lift" consists of a single piece of fingerprint tape and may include more than one individual fingerprint.

compared and matched Ayala's known prints to the prints lifted from the left rear window of Gonzales's car.

Gonzales identified Ayala at trial and testified that on the night of the incident, she recognized Ayala as the man in the Kia's front passenger seat, that she had not seen Ayala in several years, that there were no alternate reasons for his fingerprints to be on her car, and that she believed the men were trying to steal her car to obtain its decorative rims and sound system. Gonzales also stated that she was unable to identify the other men involved or which of the four men struck her.

A jury found Ayala guilty of robbery and sentenced him to ten years' confinement. This appeal followed.

### III. Sufficiency of the Evidence

Ayala challenges the legal and factual sufficiency of the evidence to support his conviction. However, as the court of criminal appeals has recently overruled *Clewis v. State*, 922 S.W.2d 126, 133–34 (Tex. Crim. App. 1996), we review his sufficiency complaint under only the standard set out in *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979). *See Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010) (overruling *Clewis v. State*, 922 S.W.2d 126 (Tex. Crim. App. 1996)).

The jury charge in this case authorized the jury to convict Ayala of robbery as a principal or as a party. *See* Tex. Penal Code Ann. § 7.02(a)(2) (Vernon

3

2003). We review whether the evidence is sufficient to support Ayala's conviction under the law of parties.[3]

## A. Standard of Review

In reviewing the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the prosecution in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Clayton*, 235 S.W.3d at 778. The trier of fact is the sole judge of the weight and credibility of the evidence. *See* Tex. Code Crim. Proc. Ann. art. 38.04 (Vernon 1979); *Brown v. State*, 270 S.W.3d 564, 568 (Tex. Crim. App. 2008), *cert. denied*, 129 S. Ct. 2075 (2009). Thus, when performing a sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the factfinder. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), *cert. denied*, 529 U.S. 1131 (2000). Instead, we "determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most

---

[3]The undisputed evidence presented at trial showed that Gonzales could not identify which of the four men actually struck her.

4

favorable to the verdict." *Hooper v. State*, 214 S.W.3d 9, 16–17 (Tex. Crim. App. 2007). We must presume that the factfinder resolved any conflicting inferences in favor of the prosecution and defer to that resolution. *Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793; *Clayton*, 235 S.W.3d at 778.

## B. Applicable Law

A person commits robbery if in the course of committing theft and with intent to obtain or maintain control of the property, he intentionally or knowingly causes bodily injury to another. Tex. Penal Code Ann. §§ 29.02(a), 29.03(a)(1) (Vernon 2003). A person commits theft if he unlawfully appropriates property with intent to deprive the owner of the property. *See id*. § 31.03(a), (b)(1) (Vernon Supp. 2010).

Under the law of parties, "a person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both." *See id*. § 7.01(a) (Vernon 2003); *Vodochodsky v. State*, 158 S.W.3d 502, 509 (Tex. Crim. App. 2005). A person is criminally responsible for the offense of another, and can thus be convicted as a party, if, acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person committing the offense. *See* Tex. Penal Code Ann. § 7.02(a)(2). Though mere presence does not automatically make one a party to a crime, it is a circumstance tending to prove party status and, when considered with other facts, may be sufficient to prove that the defendant was a participant. *Porter v.*

5

*State*, 634 S.W.2d 846, 849 (Tex. Crim. App. [Panel. Op.] 1982). In determining whether the defendant acted as a party, we review events occurring before, during, and after the offense and may rely on actions of the defendant that show an understanding and common design to commit the offense. *King v. State*, 29 S.W.3d 556, 564 (Tex. Crim. App. 2000).

## C. Discussion

To convict Ayala as a party to robbery, the State had to prove that Ayala was criminally responsible for the person striking Gonzales. *See* Tex. Penal Code Ann. § 7.02(a)(2); *Childress v. State*, 917 S.W.2d 489, 493 (Tex. App.—Dallas 1996, no pet.) (finding defendant party to offense based on presence at scene and witness testimony). In other words, the State had to prove Ayala acted with intent to promote or assist the party committing robbery, by soliciting, encouraging, directing, aiding, or attempting to aid the party that struck Gonzales. *See* Tex. Penal Code Ann. § 7.02(a)(2).

Here, the record reflects that Ayala and three other men followed Gonzales's car in the Kia; that at a stoplight all four men, including Ayala, exited the Kia and approached Gonzales's car; and that one of the men opened the driver side door, demanded Gonzales's property, and struck her in the face when she failed to comply. Additionally, Ayala's fingerprints were found on Gonzales's car window. The jury could have reasonably inferred that Ayala exited the Kia and approached Gonzales's car at the same time as the other three men and that, by doing so, Ayala had agreed to be a party to using physical force to take

6

Gonzales's property. *See Guillory v. State*, 877 S.W.2d 71, 74 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd) (designated for partial publication) (concluding that by driving passenger from scene after watching passenger cause injury to another while trying to steal a purse, appellant-driver was party to robbery). Viewing the evidence in the light most favorable to the prosecution and considering the events before, during, and after the incident, we conclude that the jury could have found beyond a reasonable doubt that Ayala was criminally responsible for the offense of robbery. Therefore the evidence is legally sufficient to sustain his conviction. We overrule Ayala's sole point.

## IV. Conclusion

Having overruled Ayala's sole point, we affirm the trial court's judgment.

BOB MCCOY
JUSTICE

PANEL: LIVINGSTON, C.J.; DAUPHINOT and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: January 6, 2011

7