02-10-015-CR
















 

 

 

COURT OF APPEALS

SECOND
DISTRICT OF TEXAS

FORT WORTH

 

NO. 02-10-00015-CR

 

 


 
 
 DAVID AYALA
 
 
  
 
 
 APPELLANT
 
 


                                                                                                                             

V.

 


 
 
 THE STATE OF TEXAS
 
 
  
 
 
 STATE
 
 


 

 

------------

 

FROM THE 396TH
 DISTRICT COURT OF TARRANT
COUNTY

 

------------

 

MEMORANDUM OPINION[1]

 

------------

I.  Introduction

In one point, Appellant David
Ayala appeals his conviction for robbery. 
We affirm.

II.  Factual and Procedural History

While driving in Fort Worth, Maria Gonzales, who had her three-year-old
daughter with her, noticed four Hispanic males in a Kia “turning around and
looking at her.”  As Gonzales sat at a
stoplight, she saw the men jump from the Kia and “com[e] at her.”  One of the men reached into her car through
the partially open window, rolled the window all the way down, unlocked and opened
the door, struck Gonzales in the face, ordered, “Give me your shit, bitch” and
attempted to pull her from the car.  Fearing
for her daughter’s safety, Gonzales stepped on the gas and sped away.  After the incident, Gonzales told Fort Worth
Police Officer Tammy Robinson that her brother’s childhood friend, “David,” was
one of the men in the Kia.  Gonzales
later identified Ayala in a photo lineup.

          At trial, Officer Robinson
testified that on the night of the incident, Gonzales’s left cheek was red and
swollen and both Gonzales and her daughter were upset and appeared to have been
crying.  Officer J.G. Wilson testified
that on the night of the incident, he dusted Gonzales’s car for fingerprints
and obtained “ten lifts”[2]
from the driver’s side of the car.  Tammy
McLean, a latent print examiner employed by the Fort Worth Police Department,
testified that a mathematically-based computerized analysis identified Ayala as
the strongest possible match to the fingerprints lifted from Gonzales’s car and
that she compared and matched Ayala’s known prints to the prints lifted from the
left rear window of Gonzales’s car.

Gonzales identified Ayala at trial and testified that on the night of the
incident, she recognized Ayala as the man in the Kia’s front passenger seat, that
she had not seen Ayala in several years, that there were no alternate reasons
for his fingerprints to be on her car, and that she believed the men were
trying to steal her car to obtain its decorative rims and sound system.  Gonzales also stated that she was unable to
identify the other men involved or which of the four men struck her.

A jury found Ayala guilty of robbery and sentenced him to ten years’
confinement.  This appeal followed.

III.  Sufficiency of the Evidence

Ayala challenges the legal and factual sufficiency of the evidence to
support his conviction. However, as the court of criminal appeals has recently
overruled Clewis v. State, 922 S.W.2d
126, 133–34 (Tex. Crim. App.
1996), we review his sufficiency complaint under only the standard set out in Jackson v. Virginia, 443 U.S. 307, 319,
99 S. Ct. 2781, 2789 (1979).  See Brooks v. State, 323 S.W.3d 893, 895
(Tex. Crim. App. 2010) (overruling Clewis v. State,
922 S.W.2d 126 (Tex. Crim. App. 1996)).

The jury charge in this case authorized the jury to convict Ayala of
robbery as a principal or as a party.  See Tex. Penal Code Ann. § 7.02(a)(2) (Vernon 2003).  We
review whether the evidence is sufficient to support Ayala’s conviction under
the law of parties.[3]

A.  Standard of Review

In reviewing the sufficiency of the evidence to support a conviction, we
view all of the evidence in the light most favorable to the prosecution in
order to determine whether any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt.  Jackson, 443 U.S. at 319, 99 S. Ct. at 2789; Clayton v. State, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).  This standard gives full play to the
responsibility of the trier of fact to resolve conflicts in the testimony, to
weigh the evidence, and to draw reasonable inferences from basic facts to
ultimate facts.  Jackson, 443 U.S. at 319, 99 S. Ct. at
2789; Clayton, 235 S.W.3d at 778.  The trier of fact is the sole judge of the
weight and credibility of the evidence.  See Tex. Code Crim. Proc.
Ann. art. 38.04 (Vernon 1979); Brown
v. State, 270 S.W.3d 564, 568 (Tex. Crim. App. 2008), cert. denied, 129 S. Ct. 2075 (2009).  Thus, when performing a sufficiency review,
we may not re-evaluate the weight and credibility of the evidence and
substitute our judgment for that of the factfinder.  Dewberry
v. State, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), cert. denied, 529 U.S. 1131 (2000). 
Instead, we “determine whether the necessary inferences are reasonable
based upon the combined and cumulative force of all the evidence when viewed in
the light most favorable to the verdict.” 
Hooper v. State, 214 S.W.3d 9, 16–17 (Tex. Crim. App. 2007).  We must presume that the factfinder
resolved any conflicting inferences in favor of the prosecution and defer to
that resolution.  Jackson, 443 U.S. at 326, 99 S. Ct. at
2793; Clayton, 235 S.W.3d at 778.

B.  Applicable
Law

A person commits robbery if in the course of
committing theft and with intent to obtain or maintain control of the property,
he intentionally or knowingly causes bodily injury to another.  Tex. Penal Code Ann. §§ 29.02(a), 29.03(a)(1) (Vernon 2003).  A
person commits theft if he unlawfully appropriates property with intent to
deprive the owner of the property.  See id. § 31.03(a), (b)(1) (Vernon Supp. 2010).

Under the law of parties, “a person is
criminally responsible as a party to an offense if the offense is committed by
his own conduct, by the conduct of another for which he is criminally
responsible, or by both.”  See id. § 7.01(a) (Vernon 2003); Vodochodsky v. State, 158 S.W.3d 502, 509 (Tex.
Crim. App.  2005).  A person is criminally responsible for the
offense of another, and can thus be convicted as a party, if, acting with
intent to promote or assist the commission of the offense, he solicits,
encourages, directs, aids, or attempts to aid the other person committing the
offense.  See Tex. Penal Code Ann. § 7.02(a)(2).  Though mere presence does not automatically
make one a party to a crime, it is a circumstance tending to prove party status
and, when considered with other facts, may be sufficient to prove that the
defendant was a participant.  Porter v. State, 634
S.W.2d 846, 849 (Tex. Crim. App. [Panel. Op.]
1982).  In
determining whether the defendant acted as a party, we review events occurring
before, during, and after the offense and may rely on actions of the defendant
that show an understanding and common design to commit the offense.  King v. State, 29 S.W.3d 556, 564 (Tex. Crim. App. 2000).

C.  Discussion

          To convict Ayala as a party to
robbery, the State had to prove that Ayala was criminally responsible for the
person striking Gonzales.  See Tex. Penal Code Ann. § 7.02(a)(2); Childress v.
State, 917 S.W.2d 489, 493 (Tex. App.—Dallas 1996, no pet.) (finding defendant party to offense based on presence at
scene and witness testimony).  In other
words, the State had to prove Ayala acted with intent to promote or assist the
party committing robbery, by soliciting, encouraging, directing, aiding, or
attempting to aid the party that struck Gonzales.  See Tex.
Penal Code Ann. § 7.02(a)(2).

          Here, the record reflects that Ayala and three other men followed
Gonzales’s car in the Kia; that at a stoplight all four men, including Ayala,
exited the Kia and approached Gonzales’s car; and that one of the men opened
the driver side door, demanded Gonzales’s property, and struck her in the face
when she failed to comply.  Additionally,
Ayala’s fingerprints were found on Gonzales’s car window.  The jury could have reasonably inferred that Ayala
exited the Kia and approached Gonzales’s car at the same time as the other
three men and that, by doing so, Ayala had agreed to be a party to using
physical force to take Gonzales’s property. 
See Guillory v. State, 877
S.W.2d 71, 74 (Tex. App.—Houston [1st Dist.] 1994, pet. ref’d)
(designated for partial publication) (concluding that by driving passenger from
scene after watching passenger cause injury to another while trying to steal a
purse, appellant-driver was party to robbery).  Viewing the evidence in the light most
favorable to the prosecution and considering the events before, during, and
after the incident, we conclude that the jury could have found beyond a
reasonable doubt that Ayala was criminally responsible for the offense of
robbery.  Therefore the evidence is
legally sufficient to sustain his conviction. 
We overrule Ayala’s sole point.

IV.  Conclusion

          Having
overruled Ayala’s sole point, we affirm the trial court’s judgment.

 

                                                                             
 
 
 
 
 
 
 
 BOB MCCOY

                                                                             
 
 
 JUSTICE

 

PANEL:  
 
 
 
 
 
 
 LIVINGSTON, C.J.; 
 
 
 
 
 
 DAUPHINOT and 
 
 
 
 
 
 MCCOY, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  January 6, 2011











[1]See Tex. R. App. P. 47.4.





[2]A
“lift” consists of a single piece of fingerprint tape and may include more than
one individual fingerprint.





[3]The
undisputed evidence presented at trial showed that Gonzales could not identify
which of the four men actually struck her.